HAMMER, ADMINISTRATOR, v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y CO.

1. **Railroads:** INJURY TO EMPLOYE: NEGLIGENCE: PLEADING. In an action by an employe against a railway company for personal injury caused by negligence, it is not necessary to set up the negligence of the company in putting the plaintiff in peril, in one count, and its negligence in not taking proper steps to protect him against the peril after it was discovered, in another count.

2. **Verdict:** SPECIAL FINDING INCONSISTENT WITH GENERAL VERDICT: JUDGMENT IN SUCH CASE. When the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly. Code, § 2809. But where a general verdict is set aside and a judgment entered the other way upon special findings, the inconsistency should be so distinct, and the special findings so explicit, as to lead to the conclusion that under them no judgment could be authorized upon the general verdict; and under the peculiar facts of this case (see opinion), this court cannot say that there was error in setting aside the general verdict as being inconsistent with the special findings, and yet refusing to render judgment for defendant on the special findings.

*Appeal from Polk Circuit Court.*

FRIDAY, APRIL 20.

THIS is an action to recover damages for the death of plaintiff's intestate, which was caused by being run over by a train of cars operated by defendant's employes. Decedent was what is denominated in the pleadings as an "assistant brakeman," and he came to his death by attempting to uncouple the train while it was in motion. There was a trial by jury, which resulted in a verdict for the plaintiff, which was set aside and a new trial ordered. The plaintiff appeals from this order and from certain rulings upon the pleadings. The defendant appeals, because the court refused to enter up a judgment for the defendant upon certain special findings of the jury.

*Parsons & Runnels*, for appellant.

*Wright, Cummins & Wright*, for appellee.

Hammer, Adm'r, v. C., R. I. & P. R. Co.

ROTHROCK, J.—I.  The wrongs complained of consisted in the alleged negligence of the defendant's employes in opera-

**1. RAILROADS: injury to employe: negligence: pleading.** ting their train; and the facts set forth in the petition constituted but one cause of action.  It is difficult to determine from the abstract of the pleadings the precise form of the petition at any stage of the proceedings.  We incline to think, from an examination of the abstract, and from the statements made by counsel in argument, that, before any attack was made upon the petition by the defendant, it contained two counts, and that the court upon the defendant's motion ordered the counts to be divided at a different place from the division made by the pleader.  Why this was done we are unable to discover, and whether the plaintiff was prejudiced thereby we cannot determine.  Then there was a motion made to strike out the second count, which was sustained.  A motion to require the plaintiff to divide the first count was sustained, and a motion to strike out certain allegations of the petition was sustained. The necessity for all these motions is not apparent in the abstract, and it is marvelous that there should have been so much difficulty in presenting to the court a plain case for a personal injury.  Why there should have been any statement of two groups of facts in separate counts we cannot discover, and the petition does not state any reason therefor. Counsel for defendant claim that much of this trouble arose from the fact that the pleader persisted in setting forth evidence in the petition, instead of the issuable facts in his case, and that this was done that counsel might read the pleading "again and again before the jury," with voice modulated with a good degree of impressiveness.

We think the court did not err in the orders striking out parts of the pleading, because the parts stricken out were in no sense necessary to the maintenance of the action.  And as we have come to the conclusion that there must be a retrial of the cause for other reasons, we leave this petition, with the simple remark that a petition in an action for a personal

injury ought not, ordinarily, to be divided into counts, and that defendant's motion requiring the first count to be divided should not have been sustained. The motion and the ruling appear to have been on the theory that an allegation that defendant's employes were negligent in the first instance, and that they were negligent in not taking proper steps to protect decedent against the peril after it was discovered, should be stated in two counts. This, we think, was wholly unnecessary, but whether it was any prejudice to the plaintiff, we are unable to determine. The fact that, in the face of all this confusion in the pleadings, the jury found a verdict for the plaintiff, would rather indicate that the plaintiff was not prejudiced by any ruling upon the pleadings.

II. As has already been stated, the decedent attempted to uncouple the cars while they were in motion. There was a flat-car loaded with lumber next to the tender of the engine, and the attempt was made to pull the pin and uncouple this flat-car, and thus separate the engine from the other cars composing the train. The plaintiff claimed that the decedent was ordered by the engineer to come down from the top of the car and pull the pin and separate the train. As applicable to this, and other facts in the case, the court, at the instance of the defendant, submitted to the jury certain interrogatories, which, with the answers thereto, are as follows:

*2. VERDICT: special findings inconsistent with general verdict; judgment in such case.*

"1. Did the brakeman, Hammer, know, before he attempted to uncouple the tender from the train, that the train was to stop at Colfax, and that the engine was to take water there? *Answer.* Yes.

"2. Did the brakeman, Hammer, know that it was the intention of the engineer to stop said train before it reached the mouth of the passing switch? *A.* Yes.

"4. At what speed was the train moving when Hammer passed in between the tender and car, and attempted to uncouple the tender from the car? *A.* About four miles.

"5. Was it unusually hazardous and dangerous for the

brakeman, Hammer, to attempt to so uncouple the tender from the train while it was in motion ?   *A.*   No.

"6.   Was it unusually hazardous and dangerous for the brakeman, Hammer, to attempt to so uncouple the tender from the train while it was moving at the rate of speed that you shall determine ?   *A.*   No.

"10.   Did fireman, Perigo, see Hammer at the time he fell between the cars ?   *A.*   Yes.

"11.   Did the fireman, as he saw Hammer fall, say to the engineer, "Billy is killed," or that in substance ?   *A.*   Yes.

"12.   Did the engineer instantly, upon hearing this explanation (exclamation), reverse his engine and put on steam ? *A.*   Yes.

"15.   Are you able to determine from the evidence at what point of the distance over which the train ran, after Hammer fell, he received the fatal injury ?   *A.*   No."

The defendant filed a motion for a judgment, notwithstanding the general verdict, upon the ground that the special findings were inconsistent with the general verdict, and that the special findings show that the defendant was not chargeable with negligence, and show that decedent was guilty of contributory negligence.

At the same time, and subject to this motion, the defendant filed its motion in arrest of judgment and for a new trial. The motion for judgment for defendant was overruled, and the motion for a new trial was sustained.   The rulings upon these motions were made in general terms, without specifying the grounds thereof.   Afterwards, the plaintiff filed a motion to vacate the order setting aside the general verdict and granting a new trial, and, in case the order be not vacated, that it be modified so as to show the grounds upon which it was sustained.   Upon this motion the following ruling was made:

"Now on this day this cause comes on to be heard on the motion of plaintiff to vacate and set aside the order heretofore made herein, to-wit, on the 16th day of January, 1882, sus-

taining the defendant's motion for a new trial. And the court, having inspected the records, sustains said motion; and it is ordered that the entry on said ruling be set aside and modified as hereinafter shown, to which ruling defendant at the time excepted, and thereupon it is ordered as a substitute for said order so set aside that the said motion of defendant for a new trial be, and the same is hereby sustained as to the first, second, third, and fourth grounds thereof, to which ruling plaintiff at the time excepted, and, as to the remainder of said motion, the same is by the court overruled. To which ruling the defendant at the time excepted, said defendant at the same time also objecting to dividing said motion by its ruling, and excepting to the act of such division, as well as the overruling of the portion of said motions so overruled."

The grounds therein numbered 1, 2, 3, and 4, are as follows:

"1. The general verdict of the jury is inconsistent with the special findings returned by the jury.

"2. The special findings of the jury show a state of facts deduced from the evidence negativing the general verdict.

"3. The special findings show the act complained of in the count upon which the verdict is based not to have been negligent.

"4. The special findings show that the deceased was not ordered by the engineer to perform an unusually hazardous or dangerous act, while the general verdict finds the order to perform such act was negligently given."

From the foregoing statement it will be seen that the plaintiff contends that the special findings are not inconsistent with the general verdict, and the defendant contends that they are not only inconsistent, but that they so unmistakably show an absence of negligence on the part of the defendant, as to require that judgment be entered against the plaintiff.

Section 2809 of the Code provides that "when the special finding of facts is inconsistent with the general verdict, the

former controls the latter, and the court may give judgment accordingly."

Under this provision of the law, we think that, as the court found that the general verdict and the special findings were inconsistent, and the special findings negatived the general verdict, and show that the act complained of in the count upon which the verdict was based was not negligent, it would seem to follow that, under the law, defendant was entitled to a judgment. But the plaintiff insists that the court was not warranted in finding from the interrogatories and answers thereto that there was such inconsistency between the general verdict and the special findings as is set forth in these grounds of the motion. Indeed, it is insisted that there is no inconsistency whatever, and that, for that reason, there should have been a judgment on the general verdict.

It must be admitted that, where a general verdict is set aside and a judgment entered the other way upon special findings, the inconsistency should be so distinct, and the special findings should be so explicit, as to lead to the conclusion that under them no judgment could be authorized upon the general verdict. In this case, the court took the middle ground, and held in effect that, although the verdict and special findings were inconsistent, yet that no judgment could be entered upon the latter.

Now, in view of the character of these special interrogatives, and especially those numbered five and six, an answer to which, either affirmatively or negatively, might be claimed to be inconsistent with a general verdict for the plaintiff, and in view of the fact that the jury were in such a state of confusion with reference to these interrogatives, and to the state of the pleadings, that they twice called for further instructions upon these points, which were given to them, and regard being had to the fact that appellate courts should not, except upon the plainest and clearest error, reverse an order granting a new trial, we have concluded to allow the case to stand for a new trial in the court below. We have said that

either an affirmative or negative answer to the interrogatories numbered five and six, might be claimed to be inconsistent with the general verdict.

Answered as they were, they imply that the engineer was not negligent in ordering decedent to uncouple the cars, because the act ordered to be done was not unusually dangerous or hazardous. If answered in the affirmative, it could, with equal propriety be claimed, that, if unusually hazardous, or dangerous, the decedent should not have undertaken it, and, because he did, he was guilty of contributory negligence.

We think the court was not required to enter a judgment for the defendant upon these findings. Our conclusion is that the judgment and rulings of the court should be affirmed upon both appeals.

AFFIRMED.