CHARLES M. LAHR, Appellee, v. CHICAGO & NORTH WESTERN RAILWAY COMPANY, Appellant.

No. 41842.

FEBRUARY 6, 1934.

REHEARING DENIED DECEMBER 13, 1934.

Page & Norelius, and Davis, McLaughlin & Hise, for appellant.

Lower & Sheehan, and Powers & Gilchrist, for appellee.

DONEGAN, J.—This is a second appeal in this action, and it is necessary to an understanding of the issues involved that a brief history of the case be set out at this time. In 1928, the plaintiff instituted this action against the Chicago & North Western Railway Company and L. D. Graul, its station agent at Dows City, Iowa. In his petition plaintiff alleged, in substance, that on the 19th day of

April, 1928, he delivered two cars of steers to defendant railway Company at Dows City for shipment over its road to Omaha, Nebraska; that at that time he informed Graul, the agent of the railway company, of his desire to accompany said shipment, and that said agent issued and delivered to him a bill of lading for the shipment to Omaha, and transportation for himself to Omaha and return; that said agent informed him that the train on which said stock was to be shipped would arrive about 9:30 o'clock that evening but would not stop at the depot, and that it would be necessary for him, in order to enter the caboose of said train, to walk eastward along the track to the place where said caboose might be when the train stopped; that he became and was a passenger of said defendant railway company; that when said train arrived it was dark, and that, pursuant to the instructions of said agent, he proceeded eastward along the side of the train for the purpose of entering the caboose; and that, while thus proceeding along the track, without any fault on his part, he fell into a ditch over which the defendant railway company had constructed a bridge, and received personal injuries. Plaintiff alleged that the said injuries sustained by him were caused by the negligence of the defendants, and, along with other grounds of negligence alleged, set out the following:

"a. That the defendants, and each of them, were careless, reckless and negligent in failing and neglecting to provide the plaintiff a safe place to board its said train.

"b. That the defendants, and each of them, were careless, reckless and negligent in directing the plaintiff to proceed along said train to the east to board the same, which led plaintiff to the bridge from which he fell and was injured. * * *

"i. That the defendants, and each of them, were careless, reckless and negligent in directing the plaintiff to a place of danger in order for the plaintiff to board the caboose of said train."

The defendants filed answer and the case proceeded to trial. The jury returned a verdict for the plaintiff and against the defendant railway company, but made no specific finding in reference to the defendant-agent, Graul. In the instructions the trial judge submitted four forms of verdict to the jury. Following the return of the verdict, the defendant railway company filed its motion for a new trial, and the defendant Graul filed a motion for judgment dismissing the plaintiff's suit as to him. After hearing on these mo-

tions, Graul's motion was sustained and judgment entered dismissing the action as to him, and the motion for new trial of the defendant railway company was overruled, and judgment was entered upon the verdict against said railway company. From said judgment and all adverse rulings, orders, and proceedings, the defendant railway company appealed. The opinion in said appeal is found in 212 Iowa 544, 234 N. W. 223. In its opinion this court stated that:

"Inasmuch as the jury found for the defendant Graul and judgment on the finding was entered in favor of Graul, it necessarily follows that the plaintiff cannot, under the record in this case, claim negligence against the defendant company and recover thereon," and the cause was reversed.

Following the decision on said appeal, the plaintiff filed an amended and substituted petition against the defendant railway company, in which he alleged a custom on the part of said railway company by which its trains made but one stop at Dows City for the purpose of picking up live stock, and shippers were required and expected to board the caboose of such train while the cars containing the live stock were being switched from the siding into the train; that this custom or practice had been sanctioned, approved, and encouraged by the defendant company; that when said transportation was delivered to the plaintiff herein, the plaintiff was advised by the defendant through its station agent at Dows City, Iowa, that he would have to board the train when the train stopped to pick up the live stock and to walk down the track east from the depot for that purpose, and that the train would be in about 9:30 o'clock that night and that the depot would be closed. Following allegations in regard to the location of the depot, tracks, arrival of train, etc., the petition further stated:

"Plaintiff further alleges that the injuries caused to and sustained by him were due to and caused by and brought about as the result of the recklessness, carelessness and negligence of the defendant in failing to provide the plaintiff, as a passenger with a safe place in which to board its train and in stopping its train for the purpose of picking up live stock and caretakers at a point where the caboose was east of said bridge."

Defendant railway company thereupon filed a motion to strike the amended and substituted petition and also a motion to dismiss

the action and tax the costs to the plaintiff. Hearing was had, and the trial court entered an order overruling both of said motions. From such order and ruling the defendant railway company appeals.

Appellant alleges several errors as grounds for the reversal of the court's ruling. For the purpose of this opinion we shall divide such allegations of error into those having reference to the overruling of appellant's motion to strike the amended and substituted petition, and those having reference to the overruling of appellant's motion to dismiss the action.

I. Appellant contends that the amended and substituted petition filed by the appellee sets out a new cause of action, and that the appellee cannot by amendment set out a new and different ground of recovery, after the supreme court has determined that he cannot recover on the ground originally asserted. That a plaintiff cannot set up and rely upon a new and different ground of recovery, after the supreme court has determined that he cannot recover on the ground originally asserted, may be conceded. The important question to be determined in connection with this part of appellant's argument is -not the correctness of the rule contended for by appellant, but whether the amended and substituted petition filed by plaintiff does set up a new and different cause of recovery. Three of the grounds of negligence alleged by plaintiff in his original petition have already been set out in giving the history of this case. These grounds are: The failure of the defendants to provide the plaintiff a safe place to board the train; the direction to plaintiff to proceed along said train to the east to board the same, which led to the bridge from which he fell and was injured; and the direction of the plaintiff into a place of danger in order to board the caboose of said train. In the amended and substituted petition it is alleged that defendant was negligent in failing to provide the plaintiff, as a passenger, with a safe place in which to board the train; and in stopping its train for the purpose of picking up live stock and caretakers at a point where the caboose was east of said bridge. The ground of negligence alleged in the amended and substituted petition is failure to furnish a safe place to board the train. It is the same ground of negligence alleged in subdivision "a" of the original petition, as set out above. In both the original and amended and substituted petitions the ground of negligence alleged is failure to furnish a safe place to board the train, and the further allegation in the amended and substituted petition that defendant was negligent

in stopping its train for the purpose of picking up live stock and caretakers at a point where the caboose was east of said bridge is nothing more than an elaboration of the allegation of negligence in failing to furnish a safe place to board the train.

Appellant complains that the amended and substituted petition contains allegations in regard to a custom on the part of the appellant to make but one stop of its freight trains in picking up live stock at the place in question, and that it also contains allegations in regard to the station agent having advised the appellee "that he would have to board the train when the train stopped to pick up the live stock and to walk down the track east from the depot for that purpose," and contends that the charge of negligence in failing to furnish a safe place to board the train is bottomed upon the alleged custom in the amended and substituted petition and is the same charge of negligence contained in the original petition and there bottomed on the alleged direction of the station agent. The allegation in regard to the custom of the railway company is not an allegation of the negligence complained of by appellee. It amounts merely to saying that the appellant railway company had adopted a custom by which it failed to furnish a safe place to board its trains and does not make that custom the negligence upon which recovery is sought. Whether the allegation in the amended and substituted petition, with reference to the station agent having advised the appellee that he would have to board the train when it stopped to pick up the live stock and to walk down the track east from the depot, is a restatement of the ground of negligence upon which this court found that the defendant could not be held liable, we need not determine. Appellant's motion was addressed to the entire pleading, and not to any particular portion thereof. As the amended and substituted petition restated a ground of negligence alleged in the original petition, we do not think it stated a new cause of action, and the trial court was not in error in overruling the motion to strike this pleading from the files.

II. In support of its contention that the trial court erred in overruling its motion to dismiss the action, appellant urges that, under the decision of this court, the station agent, Graul, having been found free from negligence in the trial of the case, the defendant railway company cannot be held liable. In order to determine the question thus raised, it is necessary to consider what was before

this court in the former appeal and just what was decided by the opinion in that appeal. In its motion for a new trial the appellant stated that:

"d. There was no evidence offered or introduced on the trial in support of any charge of negligence alleged in the petition, other than the charge that defendant Graul directed 'the plaintiff to proceed along said train to the east to board the same, which led plaintiff to the bridge from which he fell and was injured.' And the jury, by failing under the court's instruction to return a verdict in favor of plaintiff and against said defendant Graul, found that the said charge of negligence had not been established by the evidence and based its verdict against defendant, Chicago & North Western Railway Company on other charges of negligence made in the petition, neither of which was supported by evidence sufficient to sustain the same. The verdict is, therefore, not supported by sufficient evidence, and must be set aside."

The overruling of the motion containing this ground was one of the errors alleged upon the former appeal. In his opinion in that case, Mr. Justice Grimm, after an exhaustive review of the evidence, said:

"Manifestly, if the defendant railway company was guilty of any actionable negligence in this case, it was because of the negligence of the defendant Graul on account of his instructions to the plaintiff in reference to boarding the caboose. It cannot be consistently claimed that there was any negligence on the part of the defendant company in the construction or maintenance of its culvert into which the plaintiff fell, except as the plaintiff hinges the same upon the instructions of Graul to the plaintiff.

"The plaintiff accounts for himself outside of the station grounds and down on the company's private right of way to the point of the accident by reason of Graul's instructions to the plaintiff in reference to boarding the caboose."

The evidence referred to and the statements of this court found in the opinion establish quite clearly that, as claimed by appellant in his motion for a new trial, "There was no evidence offered or introduced on the trial in support of any charge of negligence alleged in the petition, other than the charge that defendant Graul directed 'the plaintiff to proceed along said train to the east to

board the same, which led plaintiff to the bridge from which he fell and was injured.'" The only ground of negligence before this court on the appeal, therefore, was that in which it was claimed by the plaintiff that the defendants were negligent in directing him to proceed along the train to the east to board the same, which led him to the bridge from which he fell and was injured. According to appellant's statement in its motion for new trial, and according to the finding of the opinion on appeal, there was no evidence before the court upon the trial in support of the allegation that defendant had failed to furnish the appellee a safe place to board the train. Under the evidence introduced upon the trial, the negligence in regard to the directions given to appellee to proceed eastward along the train could be binding upon the appellant only under the doctrine of *respondeat superior*, because the very act in which it was claimed the negligence consisted was an act of the defendant's agent for which it would be held responsible. The jury having determined that the agent was not negligent because of the directions claimed to have been given by him to the plaintiff, it necessarily followed that the superior for whom the agent was acting could not be negligent on account of such directions. The opinion on the former appeal in this case went no further than to determine that, under the evidence presented in the trial of the case, it having been found by the jury that the agent was not guilty of negligence, his superior, the railway company, could not be guilty of the particular negligence claimed to have been committed by him, but which it was found he had not committed. There was no adjudication in the opinion that the appellant could not be found guilty of negligence other than that of which the agent was found not guilty, but there was no evidence of any other such negligence in the record.

Appellee in argument presented the proposition that the orders appealed from, are not appealable. In view of the conclusion reached by us, we have deemed it unnecessary to consider this proposition. What we have said in the foregoing opinion disposes of other errors claimed by the appellant, and it is unnecessary to consider the same.

We find no error in the rulings of the trial court, and such rulings are hereby affirmed.

EVANS, KINDIG, MITCHELL, and KINTZINGER, JJ., concur.