JULIUS ALBRECHT, Appellant, v. JOHN BERRY, Appellee.

NEGLIGENCE: Proximate Cause—"Last Clear Chance"—Inapplicability of Doctrine. The doctrine of "the last clear chance" has no application to a record which shows (1) that the plaintiff was confessedly negligent, and (2) that the accident of which plaintiff com-

plains occurred instantly and inevitably after plaintiff's negligence was discovered.

Headnote 1:   29 Cyc. p. 530.

Headnote 1:   20 R. C. L. 138.

*Appeal from Calhoun District Court.*—M. E. HUTCHISON, Judge.

APRIL 6, 1926.

REHEARING DENIED SEPTEMBER 24, 1926.

Action for damages for personal injuries, resulting from a collision with defendant's automobile while plaintiff was walking upon the highway. The defense was a general denial. There was a verdict and judgment thereon for the defendant. The plaintiff appeals.—*Affirmed.*

*Healy & Breen,* for appellant.

*E. C. Stevenson* and *Price & Burnquist,* for appellee.

EVANS, J.—The accident occurred on July 8, 1923, at a summer resort known as Twin Lakes, in Calhoun County. This resort comprises two small lakes, lying one to the north of the other and about a quarter of a mile apart. The intervening space was used as an amusement park, and was resorted to by many people. Midway between the two lakes lies a graveled public highway, extending east and west. On the day in question, 2,500 people were upon the grounds. Their automobiles in large number lined this highway on both sides, trenching to some extent upon the zone of travel. The plaintiff and his family were visitors at the resort on said date. In the afternoon, the plaintiff had occasion to pass across the highway from the north to the south side, at a place where pedestrians habitually crossed. As he entered upon the highway for that purpose, he looked for approaching vehicles, and saw the vehicle of the defendant approaching from the west about 200 feet distant. He proceeded to cross the highway, a distance of about 28 feet, without again observing the approach of defendant's automobile. While he was still upon the gravel, and while he was taking his

last step therefrom, the defendant's automobile struck him. He was thereby thrown to the ground, and suffered a broken leg. The specifications of negligence may be reduced to three: (1) reckless speed; (2) failure to sound the horn; (3) failure to keep his automobile within his control, and failure to avoid contact with the plaintiff after discovering his peril on the highway.

There was no evidence of excessive speed, and the point is not pressed. The question of failure to keep the automobile within control and that of failure to avoid contact with the plaintiff after discovering his peril are reduced by the evidence to the same thing, viz: Under all the circumstances appearing, was the defendant negligent in failing to avoid contact with the plaintiff after discovering his peril? The evidence is in conflict at material points. It is agreed, however, that the place of the collision was at the south edge of the gravel, and that one more step by the plaintiff would have cleared the traveled highway entirely. The evidence for the plaintiff was that he received no warning of the approach of the automobile by the sounding of the horn, and that he did not discover the proximity of the automobile until he was struck. He did see the approach of the automobile 200 feet away, but did not again observe the same. He claims that he was in motion, without interruption, from the time he started to cross the highway until he was struck, and that he did not stop. On the other hand, it appears on behalf of the defendant that, because of the congestion, at that point he was necessarily traveling on the south side of the road; that he was coming at a very moderate speed. The parking of cars upon the highway trenched somewhat upon the traveled way, so that there was room for only two cars to pass each other at the same point. The defendant met two cars going west, just before the accident; he saw the plaintiff crossing the highway 30 or 40 feet away; plaintiff had abundant time to complete the crossing, at the rate he was going, before defendant's car would reach his line of travel. For that reason, the defendant apprehended no danger until the plaintiff suddenly stopped to look in another direction, while he was still in front of the defendant's car and within a few feet therefrom. The accident happened in a mere moment thereafter. The plaintiff's version of what happened at this point is set forth in his brief as follows:

"The defendant was seventy-four years old, and was driving

the car himself. His wife was in the front seat with him, and a son-in-law occupied the back seat, together with a son, who was ill at the time of the trial and did not appear as a witness. It would seem from the record that the truth was that the defendant was pretty well along in years, and not proficient as a driver; that he and his wife both saw the plaintiff crossing the road at a considerable distance, but, although they were operating the car at a moderate rate of speed, as they approached the plaintiff and saw that the plaintiff was unaware of the approach of the car and did not get out of the way, the defendant became confused, and forgot how to stop the car, and that, in his confusion and attempt to discover how to stop the car before he struck the plaintiff, he failed to turn to one side, which would have avoided the accident as well as stopping the car, but in his confusion he simply allowed the car to continue on its way, with an apparent collapse of the defendant's faculties, as his wife saw the plaintiff in the road and he saw the plaintiff, and she kept hollering at the man and also hollering at her husband to stop the car.''

The errors assigned as grounds of reversal are reducible to one proposition. The complaint is concentrated upon Instruction 12. This instruction is a standard form applicable in personal injury cases, and required the plaintiff to show not only that his injury resulted from the defendant's negligence, but that he himself was free from contributory negligence. The complaint is that the court should not have made the plaintiff's recovery dependent upon his freedom from contributory negligence. The contention is that he was entitled to a submission of the case on the doctrine of the last clear chance. The argument is that the record ''shows conclusively (a) that the plaintiff through his own negligence had placed himself in a position of peril; (b) that he was oblivious to the danger; (c) that the defendant, by the exercise of ordinary care, could have avoided the injury; and (d) that the defendant knew of the perilous position of the plaintiff in time to have prevented or avoided the injury.''

The argument is not available to the plaintiff, on this record. The verdict for the defendant must have been found upon one of two grounds: either (1) that the defendant was not negligent; or (2) that the plaintiff was guilty of contributory negli-

gence. The only evidence of any negligence on the part of the plaintiff was that he suddenly stopped in front of defendant's car at a time which rendered it impossible for the defendant to avoid the contact. If the jury found him guilty of contributory negligence, such was the negligence. Inasmuch as he contends in his brief that his own negligence was proved conclusively, we may as well assume that such was the finding of the jury. Such negligence was not a past event when the collision occurred. There was no appreciable intervening time between such act of negligence and the collision. True, the plaintiff denied that he had so stopped, but the evidence to the contrary was abundant to justify the jury finding. Accepting that finding on the part of the jury, we find nothing in the record that would justify the jury in finding that the defendant could have avoided the accident after discovering the plaintiff's peril. True, the plaintiff testified to that effect, but this was predicated upon the claim that he did not stop, and that he was moving constantly along his line of travel across the street. If it be true that the plaintiff, keeping his going pace, would have fully crossed the street before the arrival of defendant's automobile, and if he failed to do so only because he stopped near the edge of the traveled way, and if this happened when the automobile was very close to him, then clearly he had the last clear chance to avoid the accident. The defendant was not bound to foresee that he would stop at such a juncture. One step by the plaintiff would have avoided the accident. He was struck by the defendant's right fender or bumper. If the characterization quoted from the plaintiff's brief is a correct description of the defendant's confusion, it offers little aid to the plaintiff's case. The defendant was thereby confronted with a sudden emergency. If, in his confusion, because of the emergency and its suddenness, he failed to do the wisest thing, the law excuses him. This is especially so where the complainant created the emergency.

We reach the conclusion that the doctrine of last clear chance, in its ordinary acceptation, has no application to the facts of the case. This doctrine has reference to "negligence after negligence." The theory of it is that the later or last negligence becomes the proximate cause. It imputes to the "after negligence" a quality of willfulness, and it imputes to the victim of such "after negligence" a degree of helplessness to

avoid the injury. The only negligence involved in this case was original negligence. There was no preceding negligence and no "after. negligence." The negligence charged against the defendant was his failure to stop or to swerve his car so as to avoid contact with the plaintiff. This negligence, if such, preceded the accident by a mere second of time. Up to that moment, the defendant had been guilty of no negligence. The same thing may be said of the plaintiff's negligence. He had a right to cross the road, and his attempt to do so was not negligence. He was bound to use his senses. Doing so, he could have crossed the road with perfect safety. He knew of the approach of the defendant's automobile, and knew that it was traveling in a very contracted zone of travel. The jury had a right to charge him with knowledge of the proximity of the automobile when he stopped in front of it. If he was negligent, this was his negligence, and his only negligence. The collision was almost instantaneous, and quite inevitable. The jury could find that such negligence not only contributed to the plaintiff's injury, but that it became the controlling cause thereof.

The trial court did not err in the giving of Instruction 12. The judgment is, accordingly, affirmed.—*Affirmed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.