RICHARD STEELE, Appellee, v. GEORGE BRADA et al., Appellants.

No. 40935.

DECEMBER 16, 1931.

Larson & Carr, for appellee.

R. W. Zastrow, Guy S. Calkins, and C. C. Putnam, for appellants.

KINDIG, J.—At about four o'clock in the afternoon of Octo-

ber 28, 1929, the plaintiff-appellee Richard Steele, while riding on a bicycle over the Cedar River bridge in Charles City, was struck by a towed truck, belonging to the defendant-appellant Marvin F. Schlick, being towed over the bridge by an automobile owned and driven by George Brada, defendant and appellant. This towing car was pulling the towed truck over the bridge in the same direction that the bicycle was traveling. The bridge extends across the river in a northeasterly and southwesterly direction. It is 258 feet long and 19 feet one inch wide.

Appellee, who was working for the Sherman Nursery, claims to have ridden his bicycle onto the bridge from the south and had proceeded on the structure about thirty feet when struck by the towed truck. Appellant George Brada operated a garage, and had been called out into the country to tow in the said truck owned by the appellant Marvin F. Schlick. The truck was unable to run on its own power. A wide band was used to attach the defective truck to the towing car. Dale Reetz, employee of the appellant Marvin F. Schlick, was at the wheel of the towed truck to manage it while being towed. When appellant Brada's towing automobile approached appellee on his bicycle, the former sounded the horn as a warning to the latter. Upon hearing the automobile horn of the towing car, appellee turned to his left and permitted appellant Brada's towing car to pass to the right, but he was struck by the towed truck.

There is a dispute at this point concerning what, if any, warning appellee had of the approaching towed truck. On the one hand appellants claim that a warning was given the appellee by Dale Reetz, who, as before explained, managed the towed truck; while on the other hand appellee contends that he heard no such warning. Appellee says the towed truck crashed into him without warning. Furthermore, it is claimed by appellee that the appellant Brada was moving the towing car at an excessive rate of speed. Again, it is said by appellee that the appellant Schlick was negligent: First, because no warning of the approaching truck was given; second, because the attendant Dale Reetz failed to properly put on the brakes; and third, because the towed truck was not properly controlled by the said Reetz.

Both appellants pleaded that the appellee was guilty of contributory negligence. That is true, the appellants declare:

First, because the appellee turned to the left, rather than the right, to permit the car and truck to pass; and second, because when turning to the left he did not remain in a place of safety until both car and truck had passed, but, after the towing car had gone by, negligently swerved to the right into the on-coming truck.

Throughout its instructions, with the exception of one paragraph, the district court told the jury that the appellee could not recover if his negligence contributed to the injury. In paragraph six, however, the trial court interposed another theory, and because of this novation the appellants complain. This new theory in effect amounted to an instruction on the last clear chance doctrine. Complaint was made of this by the appellants because a cause of action on that basis was neither pleaded nor proven. To understand the instruction fully, it will be necessary to consider the various portions thereof.

First the district court told the jury that the appellants as well as the appellee had a right upon the highway on the occasion in question. Then that court told the fact-finding body that if the appellants overtook the appellee "when so traveling (in the manner and way before explained), and desired to travel faster than he (appellee) was traveling, they (appellants) had a right to signal him (appellee) by sounding the horn to warn him of their (appellants') intention to pass him (appellee) on the left side, in which case it would have been his (appellee's) duty remain on the right side until they passed him, unless as he (appellee) claims, they (appellants) were so close upon him (appellee) and that they (appellants) were going at such a speed as to render it dangerous to him (appellee) to remain where he was, in which case he (appellee) would have a right to do whatever ordinary care would require under the circumstances in the way of increasing his (appellee's) own speed or turning to the left side of the street in order to escape danger; and if you find that he (appellee) did this, and passed to the left and remained and traveled on the left of them (appellants) as far as reasonable care would require, he (appellee) would not be guilty of contributory negligence in that respect."

Apparently the district court was asking the jury to apply that rule of law which will not permit a defendant to complain after he has put the plaintiff in a place of danger because the

latter does not act discreetly in avoiding the catastrophe. See Lein v. John Morrell & Co., 207 Iowa 1271; Elmore v. Des Moines City Railway Co., 207 Iowa 862; Kern v. Des Moines City Railway Co., 141 Iowa 620. During the discussion in the Kern case it was said:

"If it (the Railway Company) created the peril, it can not be heard to say, 'Well, you do not act discreetly in avoiding it.' "

The effect of the district court's instruction up to this point is that the appellee would not necessarily be negligent in turning to the left rather than the right. Nowhere, however, up to this place is there indication in the instructions anywhere that the appellee could recover were he guilty of contributory negligence. Following the foregoing statement in Instruction Six, the trial court then proceeds to say that the appellants are not liable unless they were guilty of some ground of negligence charged in the appellee's petition and proven in the evidence. Immediately thereafter, in the same instruction, the district court then proceeds with what in effect is a charge on the last clear chance. Such portion of the instruction is as follows:

"But if you (the jury) find the defendant (appellant) Brada warned him (appellee) by sounding of the horn, but did not warn him (appellee) in time as required by law or the exercise of ordinary care at the rate of speed at which they (appellants) were traveling or was going at a greater speed than permitted by law or the exercise of such care under the conditions then existing, and that the striking of plaintiff (appellee) resulted from this, *after the defendants* (appellants) *discovered plaintiff's* (appellee's) *peril, they* (appellants) *would still be liable even though you find plaintiff* (appellee) *was negligent."* (The italics are ours).

Manifestly the italicized portion of that charge is inconsistent with all the other instructions. In this italicized portion of the instruction the jury was told that the appellee could recover under the circumstances named even though he were guilty of negligence. If that portion of the instruction is not intended. to present the last clear chance doctrine, it is clearly erroneous and entirely inconsistent with all the remainder of the court's

charge to the jury. It is erroneous because a plaintiff cannot recover if his own negligence contributed to the injury unless it be under the last clear chance doctrine. So, too, that charge is contrary to other instructions, and therefore inconsistent unless it presented the last clear chance theory. Naturally the jury would be confused and misled by the instruction unless it embodies the theory of the last clear chance. While it is true that in the concluding sentence the district court in effect says to the jury that the appellee cannot recover if he negligently turned his bicycle into the truck, yet that sentence does not remove the error from the instruction. Even with that sentence considered, the charge is still inconsistent and erroneous if it does not present the last clear chance doctrine. Clearly the district court did attempt to present such doctrine. In so doing, however, the form of the instruction does not contain all the elements of the doctrine.

Appellants therefore contend that the last clear chance doctrine has no place in this case because there is neither pleading nor proof to support it. Regardless of what may have been vaguely said in Crowley v. Burlington, Cedar Rapids & Northern Railway Company, 65 Iowa 658, it now is the established law of this state that the last clear chance doctrine cannot be presented to the jury without a supporting pleading. Phelan v. Foutz, 200 Iowa 267. There we said, reading on page 270:

"When one bottoms his action and seeks to recover on the doctrine of the last clear chance, he should plead the facts giving rise to such doctrine."

Appellee's petition in the case at bar nowhere contains allegations sufficient to present this doctrine. For that reason, then, the instruction should not have been given.

Assuming, without deciding, that the evidence in the case at bar presented a jury question under the last clear chance doctrine, the instruction nevertheless was erroneous in one, among other particulars. Underlying the last clear chance doctrine is the fundamental prerequisite that the defendant must discover the plaintiff's perilous position in time to avoid injury by the exercise of ordinary care. Gilliam v. Chicago, Rock Island & Pacific Railway Company, 206 Iowa 1291; Claar Transfer

Company v. Omaha & C. B. St. Railway Company, 191 Iowa 124; Disher v. Kincaid, 193 Iowa 83.

Nevertheless, the district court in the case at bar told the jury that the appellee could recover regardless of his negligence, if the appellants propelled their motor vehicles at an excessive rate of speed after discovering the former's peril. At no place in the instructions is it said that in order to make the appellants liable they must discover appellee's peril in time to avoid the injury by the use of ordinary care. Suppose that the appellants were negligent in driving at an excessive rate of speed, but further assume that appellee was guilty of contributory negligence barring his recovery, then under the last clear chance doctrine there could be no recovery for the latter's injury unless the appellants, when operating the car and truck, after discovering his condition of peril could have avoided the injury by the exercise of ordinary care.

Disregarding the law, however, in that respect, the district court told the jury that the appellee could recover if the appellants operated their motor vehicles at an excessive rate of speed without saying anything about their having time to avoid the accident by the use of ordinary care after discovering his peril. Perhaps the motor vehicles were going at an excessive speed at the very moment appellee's peril was discovered and no time remained in which to avoid injuring him. Therefore, for the reason pointed out, at least, the instruction is erroneous. Obviously the appellants were prejudiced. See Doherty v. Des Moines City Railway Company, 137 Iowa 358.

Wherefore, the appellants are entitled to a new trial, and the judgment of the district court accordingly is reversed.—Reversed.

FAVILLE, C. J., and EVANS, MORLING, and GRIMM, JJ., concur.