RAY PETTIJOHN, Appellee, v. J. B. WEEDE, Appellant.

No. 42452.

DECEMBER 26, 1934.

REHEARING DENIED APRIL 5, 1935.

Hal W. Byers and Putnam, Putnam, Langdon & Fillmore, for appellant.

Parsons & Mills and Volney Diltz and W. W. Bulman, for appellee.

KINDIG, J.—On October 21, 1927, the plaintiff-appellee, Ray Pettijohn, was struck and injured by an automobile driven by the defendant-appellant, J. B. Weede. The accident occurred at the intersection of Tenth and Keosauqua way in the city of Des Moines.

Originally the case was tried on a petition alleging general negligence. See Pettijohn v. Weede, 209 Iowa 902, 227 N. W. 824. Under that petition, the appellee sought to prove that the appellant was negligent because he drove his automobile at an excessive rate of speed. At that trial, the appellee obtained judgment against the appellant, and the latter appealed to this court. We reversed the judgment of the district court on the theory that the appellee was contributorily negligent. See Pettijohn v. Weede, supra. After the procedendo had-issued, and the case was again pending in the Polk county district court, the appellee amended his original petition "in order to make the pleadings conform to the proof, and in order to state more specifically the negligence complained of in this cause." In effect, the appellee in the amendment to his petition eliminated from the allegations of general negligence all the composite acts of negligence included therein, except the negligence of the appellant after discovering the appellee's peril; that is to say, the appellee changed his petition from a charge of general negligence to a charge of negligence under the last clear chance doctrine only. Whereupon the appellant attacked the amended petition on the theory that the last clear chance doctrine is now barred by the statute of limitations.

Likewise the appellant, by answer, put in dispute the allegations of the appellee's petition. The district court held that the amendment did not set up a new cause of action which was barred by the statute of limitations, and submitted the cause to the jury. A verdict was returned for the appellee, and judgment entered accordingly. Thereafter the appellant filed a motion for a new trial, which was overruled, and from that judgment and ruling the appellant appealed.

I. If the amendment set forth a new and distinct cause of action, it is barred by the statute of limitations. Plantz v. Kreutzer & Wasem, 192 Iowa 333, 183 N. W. 341. But, on the other hand, if the amendment "merely amplifies the charge made in the prior pleading, or states new grounds or specifications germane to such charges or allegations, the amendment may be upheld without regard to the statute of limitations." Gordon v. Chicago, R. I. & P. Ry. Co., 129 Iowa 747, local citation 750, 106 N. W. 177. To the same effect see James v. Winifred Coal Co., 184 Iowa 619, 169 N. W. 121.

As before indicated, the appellee in the original petition relied upon a statement of general negligence. He did not specifically set forth, nor itemize, the alleged acts of negligence. Although the appellee thus relied upon a statement of general negligence, he stated a cause of action. Gordon v. Chicago, R. I. & P. Ry. Co., supra; Orr v. Des Moines Electric Light Company, 207 Iowa 1149, 222 N. W. 560; Thayer v. Smoky Hollow Coal Co., 129 Iowa 550, 105 N. W. 1024; Hanen v. Lenander, 178 Iowa 569, 160 N. W. 18. See Hammer v. Chicago, R. I. & P. Ry. Co., 61 Iowa 56, local citation 58, 15 N. W. 597.

The last clear chance doctrine is founded upon negligence. Therefore an allegation of general negligence would include the last clear chance doctrine. Clemens v. Chicago, R. I. & P. Ry. Co., 163 Iowa 499, 144 N. W. 354; Crowley v. Burlington, Cedar Rapids & Northern Ry. Co., 65 Iowa 658, 20 N. W. 467, 22 N. W. 918. It is to be remembered that general negligence alone was originally relied upon here. Had specific, as distinguished from general, negligence been relied upon in the original petition, the situation might be different. Under specific allegations of negligence in the original petition, the doctrine of the last clear chance could not have been relied upon unless the pleader had alleged "the facts giving rise to such doctrine." Phelan v. Foutz, 200 Iowa 267, 204

N. W. 240; Steele v. Brada, 213 Iowa 708, 239 N. W. 538. In other words, when specific allegations are alleged by the pleader, he thereby waives his allegations of general negligence. Kelly v. Muscatine, B. & S. Ry. Co., 195 Iowa 17, 191 N. W. 525; Orr v. Des Moines Electric Light Co., supra.

So, when the pleader alleges specific acts of negligence, he cannot rely on the last clear chance, as said in the Phelan and Steele cases unless he makes the doctrine of the last clear chance one of the specific allegations of negligence. But, as already related, the appellee in the case at bar originally relied upon general, as distinguished from specific, allegations of negligence. Consequently the general allegations included the last clear chance doctrine, as above shown. Hence, when the case at bar was reversed by this court and returned to the district court for retrial, the petition of the appellee included, because of its general allegations, the doctrine of the last clear chance. See James v. Winifred Coal Co., 184 Iowa 619, reading on page 628, 129 N. W. 121. When, then, the appellee amended his petition by eliminating all negligence from the general allegations thereof except the doctrine of the last clear chance, he did not state a new cause of action. Gordon v. Chicago, R. I. & P. Ry. Co., supra. See, also, James v. Winifred Coal Co., supra. As said in the Gordon case, reading on page 752:

"Statement of the specific acts or facts constituting the alleged negligence by which injury has been occasioned is never necessary to the statement of a cause of action."

See, also, Orr v. Des Moines Electric Light Company, supra, and cases therein cited.

Of course, it is possible that an allegation of general negli-gence may be subject to a motion for a more specific statement. See section 11127 of the 1931 Code; Gordon v. Chicago, R. I. & P. Ry. Co., supra. No motion for a more specific statement was made by the appellants in the case at bar. Under the circumstances, therefore, the cause of action based upon the doctrine of the last clear chance, as set forth in the appellee's amendment to his orig-inal petition, has not been barred by the statute of limitations. Blake v. City of Bedford, 170 Iowa 128, 151 N. W. 74; Gordon v. Chicago., R. I. & P. Ry. Co., supra. What here has been said is not inconsistent with our holding in Sutcliffe, etc., v. Fort Dodge Gas & Electric Co., 218 Iowa 1386, 257 N. W. 406. That case involved

the necessity of certain pleadings to support the rule of evidence known as res ipsa loquitur. Because of our rule to the effect that the pleading of specific negligence is a waiver of general negligence, our conclusion reached in the Sutcliffe case becomes inevitable.

We do not decide nor determine whether (under our rule that the allegations of specific negligence amount to a waiver of the allegations of general negligence) the pleading of specific, as distinguished from general, negligence in the original petition will, after the statutory period of limitations, bar an amendment setting up additional specific acts of negligence. This question is not involved in the case at bar. See, however, Lahr v. Chicago & Northwestern Railway Co., 218 Iowa 1155, 252 N. W. 525; Thayer v. Smoky Hollow Coal Co., supra; Box v. Chicago, R. I. & P. Ry. Co., 107 Iowa 660, 78 N. W. 694.

■ II. Regardless of the conclusion reached above in reference to the statute of limitations, it is argued by the appellant that there is no evidence in the record justifying the district court in submitting the last clear chance doctrine to the jury.

A careful reading of the record discloses that the appellant is mistaken about this. There is evidence in the record warranting the submission to the jury of the issue relating to the last clear chance doctrine. The jury could find under the record that, while a street car was traveling in a westerly or northwesterly direction along Keosauqua way, the appellee walked in front of the oncoming street car northward across the street "at the regular crossing place for pedestrians". Furthermore, the jury could find under the record that, as the appellee approached the pavement on Keosauqua way north of the street car rails, the appellant's car was approaching the appellee parallel with, and on the north side of, the street car.

Again the jury could find that, when the appellee was thus upon the pavement north of the street car rails in the place of danger in front of appellant's automobile, the appellant saw and realized the appellee's predicament at a point approximately 45 feet away. Under the evidence, the jury also could find that the brakes on the appellant's automobile were in good working order, that the automobile was traveling not to exceed fifteen miles per hour, that the pavement was dry, and that the automobile could have been stopped in at least 19½ feet. Likewise the jury could find, under the record, that the appellant failed to stop his auto-

mobile, although he could have done so without striking the appellee. Moreover, the jury could find under the record that, as the appellee proceeded north to avoid the automobile, the appellant turned the automobile in the appellee's direction, and thereby ran him down and caused the injuries of which complaint is made. As a matter of fact, the jury could find that the appellant's car carried the appellee 12 feet beyond the crossing, and that the stop was not made until the car had traveled 77 feet after the appellant saw and appreciated the appellee's hazardous position.

Assuming that the appellee was contributorily negligent in running in front of the street car under the circumstances (see Pettijohn v. Weede, supra), nevertheless, the jury could find, under the foregoing record, that the appellant was liable under the last clear chance doctrine for the accident and the resulting injuries. Lynch v. Des Moines Railway Co., 215 Iowa 1119, 245 N. W. 219; Williams v. Mason City & Fort Dodge Ry. Co., 205 Iowa 446, 214 N. W. 692; Bruggeman v. Illinois Central Railway Co., 147 Iowa 187, 123 N. W. 1007, Ann. Cas. 1912B, 876; Welsh v. Tri-City Ry. Co., 148 Iowa 200, 126 N. W. 1118; Bourrett v. Chicago & Northwestern Ry. Co., 152 Iowa 579, 132 N. W. 973, 36 L. R. A. (N. S.) 957.

We said, in Lynch v. Des Moines Railway Co., supra, reading on page 1120:

"The legal principles involved in this doctrine (the last clear chance) are well established. In Wilson v. Illinois Central Railroad Co., 150 Iowa 33, at page 41, 129 N. W. 340, 344, 34 L. R. A. (N. S.) 687, this court declared: 'The doctrine of last fair chance (or last clear chance) presupposes negligence on the part of the party injured and proceeds upon the theory that notwithstanding this negligence, if the other party, being cognizant of that negligence and of the peril in which the party had placed himself, failed to take (ordinary) precautions to avoid injuring him, he is liable on the theory that he had a fair chance to avoid the catastrophe by the use of ordinary care and his failure to exercise it is in such cases the proximate cause of the injury.' "

For a general discussion of the doctrine of the last clear chance, see comment note in 92 American Law Reports, Annotated, commencing on page 47.

Therefore, in the case at bar, the district court did not err in submitting to the jury the issue relating to the last clear chance doctrine.

III. Other matters are argued, including the alleged error on the part of the district court in giving faulty instructions, the failure of that court to give requested instructions, the alleged error of that court in failing to grant the appellant a new trial because of the passion, prejudice, and misconduct of the jury, and other alleged errors and failures on the part of the district court relating to the trial of the cause. But after a careful consideration of each ground for reversal thus assigned, we find that the complaints of the appellant are without merit. When the instructions are read as a whole, it is apparent that no error appears therein, and the district court fully and fairly submitted the cause to the jury under proper instructions.

Wherefore the judgment of the district court should be, and hereby is, affirmed.—Affirmed.

MITCHELL, C. J., and STEVENS, ANDERSON, DONEGAN, KINTZINGER, and POWERS, JJ., concur.