ED VREUGDENHIL and RONALD HULS, appellees, v. DARRELL DALE KUNKEL, appellant.

No. 51297.

(Reported in 127 N.W.2d 630)

April 8, 1964.

Kindig, Beebe, McCluhan & Rawlings, of Sioux City, for appellant.

Spencer M. Day and Harry H. Smith, both of Sioux City, for appellees.

LARSON, J.—Sometime between 5 and 6 p.m. on November 10; 1961, plaintiff Ed Vreugdenhil, age 51, was using a tractor and wagon belonging to plaintiff Ronald Huls to haul corn from a field to close-by buildings over a gravel country road near Westfield, Iowa. He received serious personal injuries and the rig was damaged when the wagon was struck from the rear by an automobile driven by the defendant, Darrell Kunkel. Plaintiffs' action in two counts resulted in a jury verdict in favor of Vreugdenhil for $2595 and for Huls for $187.76, and judgment accordingly.

The amount of the damages is not in issue, but defendant advances two propositions in support of his assignments of error. He maintains the court erred in submitting to the jury both specifications of negligence and the doctrine of last clear chance, or in submitting either issue, and that his motion for a directed verdict should have been sustained. In Proposition No. 2 he maintains that if the court properly submitted plaintiffs' specifications of negligence (a), (b) and (c) it committed reversible error in submitting the question of the last-clear-chance doctrine and he is entitled to a new trial. We cannot agree with either contention.

As a general proposition all theories of recovery properly pleaded and all specifications of negligence which are sustained by the evidence should be submitted to the jury. Therefore, a brief statement of the evidentiary facts, viewed in the light most favorable to appellees, needs to be considered. When Mr. Vreugdenhil drove his rig from the cornfield onto the gravel road he looked in both directions, left and right, and

saw nothing coming. It was about 5:25 p.m., still daylight, and visibility was good. He entered at the crest of a hill and could see a quarter of a mile to the left and about forty rods to the right. Turning right, he proceeded down an incline at about five to seven miles per hour, about the speed of low gear in a car. He stayed entirely on the right-hand side of the 28-foot roadway some three feet from the road's edge, which left about two thirds of the roadway open for other vehicles. When he had traveled down the slope about 145 feet, he was struck from behind with no warning. The force of the collision broke the tractor drawbar, drove the four- or five-hundred-pound wagon box loaded with 400 pounds of corn over his back, pinning him between it and the tractor steering wheel, and shoved them all about 20 feet into the right-hand ditch. The main point of impact was defendant's right front fender, and the car's radiator ornament was buried in the rear of the wagon box. The wagon and the car were practically a total loss. Plaintiffs' preliminary case was predicated largely on circumstantial evidence as they did not call defendant, the only one who could testify as to his manner of driving, as their witness.

Defendant, age 21, testifying on his own behalf, said he first saw the wagon as he came over the brink of the hill at about 45 miles per hour. He said the accident occurred about seven minutes to six, that it was dusk or dark and he had his bright lights on, that it was approximately 140 feet from the hilltop to the point of impact, that when he saw the wagon he "honked the horn, applied the brakes and pulled over to the left", that he slid his wheels some 40 feet in a futile effort to stop, and that the time lapse "between the time I saw the wagon and the time I hit him [was] about fifteen seconds, twenty." As a resident of that community some six or seven years, he drove over this road two or three times a month and knew the road was commonly used to haul farm equipment, especially in the spring and fall. He was going home after a day's work for a nearby neighbor.

It was stipulated that on that date sunset was at 5:09 p.m., so that if the accident happened before 5:39 p.m. the statute requiring lights on plaintiffs' equipment was not violated (sec-

tion 321.384, Code, 1962); if after, contributory negligence would bar recovery under the specifications of negligence.

We are satisfied there was substantial evidence to justify submission of plaintiffs' specifications of defendant's negligence, which were: (a) failure to have his car under control; (b) failure to drive his automobile in such a manner as to be able to stop it in the assured clear distance ahead; and (c) failure to keep a proper lookout on the road ahead. We do not understand the defendant seriously contends otherwise. He does contend (1) that there was compelling evidence of plaintiffs' contributory negligence in that Vreugdenhil operated the tractor after dark without lights and had no wagon box reflectors; (2) that by pleading last clear chance plaintiffs as a matter of law admit negligence, which would bar recovery under their action for specific negligence; and (3) that the evidence is conclusive that defendant did not, in fact, have a clear chance to avoid the accident after discovering Vreugdenhil in a position of peril. Although the first and third contentions involve fact questions, we shall consider all of them together in connection with the theory upon which the doctrine of last clear chance rests.

I. The doctrine of last clear chance has often been considered by this court, and the proper rules to follow have been fully discussed. Menke v. Peterschmidt, 246 Iowa 722, 724, 725, 69 N.W.2d 65, 68, and citations. While there has been some confusion as to the underlying theory of this doctrine, and we have said several times that it is an exception to the rule barring recovery to one who has been guilty of contributory negligence (Gearhart v. Des Moines Railway Co., 237 Iowa 213, 21 N.W.2d 569; Lynch v. Des Moines Railway Co., 215 Iowa 1119, 245 N.W. 219, and others) we have also held to the causation theory for this rule support. Winegardner v. Manny, 237 Iowa 412, 413, 21 N.W.2d 209; Groves v. Webster City, 222 Iowa 849, 270 N.W. 329. The latter view refers to negligence after negligence and is a phase of the doctrine of proximate cause. We need not decide which of these theories we prefer here for under this record there is neither an admission of negligence nor such compelling evidence of plaintiffs' neglect as would require a

finding as a matter of law that either plaintiff was guilty. The vital evidentiary issue here, as we see it, was whether it was dark or past the hour when lights for such vehicles were required. The evidence being in dispute, that issue was for the jury.

II. Although, as generally understood, the doctrine of last clear chance presupposes contributory negligence of plaintiff (Olson v. Truax, 250 Iowa 1040, 1048, 97 N.W.2d 900, 905), plaintiffs point out their allegation as to last clear chance was in the alternative and as such it was permissible. Kuehn v. Jenkins, 251 Iowa 557, 561, 100 N.W.2d 604. From the record it appears defendant's answer to plaintiffs' original petition alleging specific negligence, affirmatively alleged the accident occurred as a result of plaintiffs' negligence. In plaintiffs' reply they specifically denied that allegation and alleged further "that in the event it be determined that the plaintiffs or either of them are held to have been negligent, then said plaintiffs *in the alternative* hereby plead the 'last-clear-chance doctrine' and state that the defendant was negligent in failing to either stop his car, or turning [sic] said car to the left over the unoccupied portion of the road * * *." (Emphasis supplied.) Although we do not find the point raised in the court below nor in defendant's brief and argument, we are satisfied it was not improper for plaintiffs, by way of avoidance of defendant's plea of contributory negligence, to amend their pleading so as to plead in the alternative that defendant had the last clear chance. This, in effect, is what they did by putting those allegations in the reply. As an alternative pleading it was proper. There is no merit in the contention it confused the jury. Under these pleadings and the court's clear instructions the issues raised were quite clear. Furthermore, the reply did not admit plaintiffs' negligence. It does not follow from the fact that last clear chance presupposes negligence on the part of the plaintiffs that other charges of negligence may not be submitted to the jury along with the theory of last clear chance. Strom v. Des Moines and Central Iowa Ry. Co., 248 Iowa 1052, 1069, 82 N.W.2d 781, and citations; Glover v. Vernon, 226 Iowa 1089, 1100, 285 N.W. 652; Kuehn v. Jenkins, supra. In the Strom case we said:

"If the evidence warranted submission of this theory [last clear chance] it should have been submitted for determination of the jury in the event plaintiff was found guilty of contributory negligence. And this is true although plaintiff also alleged other acts of negligence against defendant together with her freedom from contributory negligence." (Citations)

Since plaintiffs by their reply did not admit negligence, the court did not err in submitting Instruction No. 20 to the jury, unless of course there was no substantial evidence to sustain the allegation of last clear chance. A review of the relevant evidence obviously reveals a submission on that doctrine was correct.

■■ III. The rule is well settled that the requisites for the application of this doctrine are substantial evidence that "defendant had (1) knowledge of plaintiff's presence; (2) realization of plaintiff's peril; and (3) the ability to avoid the injury to plaintiff thereafter", and of course failed to do so. Menke v. Peterschmidt, supra, 246 Iowa 722, 725, 726, 69 N.W.2d 65, 68; Strom v. Des Moines and Central Iowa Ry. Co., supra, 248 Iowa 1052, 1070, 82 N.W.2d 781, 791; Olson v. Truax, supra, 250 Iowa 1040, 1049, 97 N.W.2d 900, 905, and citations. Tilghman v. Chicago & N. W. Ry. Co., 253 Iowa 1339, 1343, 115 N.W.2d 165. The defendant must have known of Vreugdenhil's presence and had the means and opportunity, by the exercise of reasonable care, to know of his peril and avoid injuring him. While actual knowledge of his presence is required, this knowledge may be inferred from circumstantial evidence, in spite of a denial by defendant. Gearhart v. Des Moines Railway Co., supra, 237 Iowa 213, 21 N.W.2d 569. Therefore, it is not necessary to show actual knowledge of the danger, but only that it should have been realized in the exercise of reasonable care. Menke v. Peterschmidt, supra, and citations; Winegardner v. Manny, supra, 237 Iowa 412, 415, 21 N.W.2d 209, 211.

In Orr v. The Cedar Rapids & Marion City Ry. Co., 94 Iowa 423, 427, 62 N.W. 851, 852, defendant questioned and we approved an instruction which told the jury: "'If * * * you find that the plaintiff was negligent, still the defendant cannot avoid liability if you find from the evidence that plaintiff, at

the time in question, was in a perilous position, and that defendant's employee in charge of said car saw plaintiff, and knew the fact that he was in peril, or might have so known by the use of ordinary care, and thereafter failed to use ordinary care to stop said car and prevent injury to plaintiff; * * *.' "

As further bearing on the question of knowledge, see Roennau v. Whitson, 188 Iowa 138, 154, 175 N.W. 849, 855; 34 Iowa Law Review 480, 489.

Of course the test of the third requirement is ability to avoid the injury by the exercise of reasonable care. This does not mean that some previous negligence of defendant, which makes it impossible for him to avoid the accident after he discovers plaintiff's peril, will make the doctrine applicable, although a statement in Bridenstine v. Iowa City Electric Ry. Co., 181 Iowa 1124, 1131, 165 N.W. 435, 438, would so indicate. It is only defendant's negligence *after* he discovers, or in the exercise of due care should have discovered, the plaintiff's danger that brings the doctrine into effect. As bearing on this question see Pinckney v. Watkinson, 254 Iowa 144, 151, 116 N.W.2d 258, and Steele v. Brada, 213 Iowa 708, 713, 239 N.W. 538, 540. Thus the question as to defendant's ability to avoid the collision must be determined here as of the time he came over the crest of the hill and discovered, or in the exercise of reasonable care could have discovered, Vreugdenhil's position on the road ahead. The nub of this controversy, as we see it, is whether there was sufficient evidence of defendant's alleged negligence to carry that issue to the jury. We think there was.

IV. Keeping in mind that the burden was upon appellees to prove their case under the last-clear-chance theory by a preponderance of the evidence, we turn our attention to the testimony of the parties and to the physical facts appearing in the record. It is quite clear from the defendant's own testimony that he became aware of the situation as soon as he came over the crest of the hill, that he first blew his horn, that when within 40 feet of the wagon he applied his brakes, and that when a collision seemed inevitable he turned to the left where there was ample room to pass. He said he applied his brakes and

slid his wheels for 40 feet before making contact with the wagon, but apparently did not attempt to turn to the left soon enough. He estimated his speed at 45 miles per hour, but he also said he struck the wagon 10, 15 or 20 seconds after he first saw it. It is obvious his estimation of time or speed was wrong, for the parties agreed that the impact took place 140 or 145 feet from the crest of the hill where one approaching from the rear could first discover the wagon. The element of speed and time, we think, was a fact question properly left to the jury under this testimony. It was for the jury to decide whether Kunkel, upon discovering Vreugdenhil's peril, in the exercise of reasonable care, had the time to pull out to the left, and had the room to pass the tractor and wagon without a collision, for it was not contended plaintiff was blocking the entire roadway.

It was a jury question as to whether lights were necessary on plaintiffs' vehicles, although under the last-clear-chance theory this issue found in defendant's favor would not be decisive. It would, however, tend to reduce the time when defendant, in the exercise of reasonable care, should have discovered the presence of the wagon, which in turn would have some bearing on how soon he should have started his attempt to pass on the left. The situation is somewhat similar to that in the case of Glover v. Vernon, supra, 226 Iowa 1089, 1100, 285 N.W. 652, 658, where the trial court had submitted specifications of negligence along with last clear chance. In discussing the last issue, the court said "it was a jury question whether Simmons upon discovering Glover's peril in having turned out to the left in the pathway of this heavily loaded truck, should not have pulled farther over to the left onto the shoulder, if need be, to avoid the collision. Simmons admitted * * * that, had he pulled over 18 inches farther, he would have missed the other truck. Of course, under his theory, he was too close, but, under all the evidence, the jury could have found that there was room and time in which, in the exercise of reasonable care and prudence, for Simmons to have avoided the collision and, under this theory, the jury was warranted in finding for the plaintiff regardless of any negligence on the part of plaintiff."

It is true, as we pointed out in Menke v. Peterschmidt, supra, that negligence should not ordinarily be predicated on an emergency confronting a driver who has only two or three seconds to make a decision. Koob v. Schmolt, 241 Iowa 1294, 1298, 1299, 45 N.W.2d 216, 218. Something better than an opportunity for the jury to guess must be furnished by the one who assumes the burden of proving the applicability of the doctrine of the last clear chance.

We discussed the questions of sudden emergency and time sufficiently to determine the best course to pursue, in the recent case of Tilghman v. Chicago & N. W. Ry. Co., supra, 253 Iowa 1339, 1348, 115 N.W.2d 165. In the instant case the jury could find defendant discovered the peril when 140 feet from the plaintiff's wagon and had time to blow his horn, set his brakes so as to slide his tires for 40 feet, or had, as he said, 10, 15 or 20 seconds time to make a decision, and that he was not faced with such an emergency as to relieve him, in the exercise of reasonable care, from the duty to turn left and avoid the collision. On the other hand, it could find under the evidence that defendant's estimate of time was in error, that he did not have more than two or two and one-half seconds to avoid the collision, and that in this emergency he was not negligent in failing to exercise the best judgment and turn left immediately. This is a typical question for a jury. It could not be said as a matter of law that this was such an emergency that defendant's judgment in not starting his left turn sooner and thus avoiding plaintiffs' outfit was not negligence.

The general rule in such cases is stated in 65 C. J. S., Negligence, section 252a, page 1134, as follows: "Emergency. The questions whether an emergency existed, and whether a person who was confronted with a sudden emergency exercised such care as an ordinary prudent man would have exercised, when confronted with a like emergency, ordinarily are questions of fact for the jury." This is the rule in our jurisdiction. Leinen v. Boettger, 241 Iowa 910, 924–926, 44 N.W.2d 73, 81, 82; Luppes v. Harrison, 239 Iowa 880, 886, 887, 32 N.W.2d 809; Bletzer v. Wilson, 224 Iowa 884, 889, 890, 276 N.W. 836.

V. Being satisfied that the court was not in error in deny-

ing defendant's motion for a directed verdict or in overruling his motion for a new trial, we conclude the judgment in favor of both plaintiffs must be affirmed.—Affirmed.

All JUSTICES concur.