Steven **JONES** and Janet Jones,
Appellees,

v.

**CITY OF DES MOINES**, Iowa,
Appellant.

No. 83–967.

Supreme Court of Iowa.

Sept. 19, 1984.

J.M. Sullivan, Asst. City Atty., for appellant.

Alfredo G. Parrish and Stuart M. Pepper, Des Moines, for appellees.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, LARSON, and SCHULTZ, JJ.

HARRIS, Justice.

Defendant city appeals following an adverse jury verdict in this personal injury action which arose from an automobile-motorcycle collision. Plaintiff[1] cross-appealed to challenge the trial court's apportionment of credit for prior settlements with other parties. We affirm on both appeals.

We take the facts in the light most consistent with the verdict. A Des Moines police officer received a radio communication that another officer was pursuing a Honda automobile north on 30th Street in Des Moines. The officer mistakenly understood the vehicle to be a motorcycle and turned south on 30th Street to join, or to be more precise, to meet the pursuit.

He soon observed plaintiff, northbound on 30th Street on a Honda motorcycle, and signaled him to stop. The officer intended to proceed south, turn around, and block northbound traffic with his patrol car and to warn approaching traffic by means of flashing lights. At this point, 30th Street slopes in such a way that plaintiff could not be observed by northbound drivers until

---

**1.** There are two plaintiffs, husband and wife. The wife brings a separate loss of consortium claim. Except where necessary in discussing a damage credit question, we shall, for simplicity, refer to the husband as sole plaintiff.

they reached an intersection 310 feet to the south.

Before the officer could position his patrol car as intended, Jack Wayne Linge, speeding north on the same street in a Honda automobile, struck plaintiff and his motorcycle. Needless to say, Linge was the actual subject of the radio call. Linge was also sued, as was a tavern owner said to have caused Linge's intoxication. Linge settled the plaintiff's claim against him for $1,000. The tavern owner settled for $25,000.

The jury awarded plaintiff[2] $60,000 in his claim against the city. Other facts will be related in connection with specific assignments.

■ I. The city's first assignment challenges the trial court's instruction on proximate cause. The trial court used Iowa State Bar Association uniform jury instruction 2.6:

> By "proximate cause" is meant a moving [or] producing cause, and an act or omission is the proximate cause of a condition or injury sustained only when it appears that if it had not been for such act or omission the said condition would not have been brought about, or the said injury sustained.

The city objected to this instruction at trial and on appeal assigns its submission as error. It is complained that the instruction does not sufficiently explain a crucial ingredient of proximate cause. In a number of cases we have subscribed to the restatement view of the doctrine:

> In order to be a legal cause of another's harm, it is not enough that the harm would not have occurred had the actor not been negligent. [T]his is necessary but it is not of itself sufficient. The negligence must also be a substantial factor in bringing about the plaintiff's harm.

Restatement (Second) of Torts § 431, comment a (1964).

We subscribed to this view in *Pedersen v. Kuhr*, 201 N.W.2d 711, 713 (Iowa 1972).

The substantial factor aspect of the definition has become firmly established by a number of cases. *Iowa Electric Light and Power Co. v. General Electric Co.*, 352 N.W.2d 231, (Iowa 1984); *Speed v. State*, 240 N.W.2d 901, 905 (Iowa 1976); *Schnebly v. Baker*, 217 N.W.2d 708, 728 (Iowa 1974); *Akerman v. James*, 200 N.W.2d 818, 829 (Iowa 1972).

The question is whether the uniform instruction adequately explains the "substantial factor" part of the definition. The city thinks it does not, that it merely states the "but for" concept of proximate cause which was found insufficient in the cases just cited. Although we agree that the instruction could have been improved, we think its submission was not reversible error.

In the challenged instruction any explanation of "substantial factor" is limited to the words "moving or producing cause." Our inquiry thus narrows to whether these few words sufficiently informed the jury of the substantial factor aspect of the definition of proximate cause.

We discussed the meaning of "substantial factor" in another context in *Montgomery Properties Corp. v. Economy Forms, Corp.*, 305 N.W.2d 470 (Iowa 1981). Quoting from the Restatement (Second) of Torts, § 632, comment c (1977), defining legal causation of pecuniary loss resulting from publication of an injurious falsehood, we said:

> In order for the false statement to be a substantial factor in determining the conduct of an intending or potential purchaser or lessee, it is not necessary that the conduct should be determined exclusively or even predominantly by the publication of the statement. It is enough that the disparagement is a factor in determining his decision, even though he is influenced by other factors without which he would not decide to act as he does.

*Montgomery Properties*, 305 N.W.2d at 477; *Cf. Federated Mutual Implement and Hardware v. Dunkelberger*, 172 N.W.2d 137, 143–44 (Iowa 1969). In *Speed*

2. The wife was awarded $3,000 on her loss of consortium claim.

*v. State,* 240 N.W.2d at 905–07 we found proximate cause established through a series of related steps which moved from the established negligence to the resulting damages.

The dictionary definition of the word "cause" is "that which occasions or *e*ffects a result; the necessary antecedent of an effect; that which determines the condition or existence of a thing." *Webster's New International Dictionary,* 3d Ed. (1964) (emphasis added). The word "producing" is used as an adjective form of the verb "produce" which means "to cause to be or to happen; to originate, as an effect or result. . . ." *Id.* The word "moving" is used as an adjective form of the verb "move", which means "to set in motion" or to "actuate." *Id.*

The instruction might well have included a sentence expanding on the substantial factor requirement. We nevertheless hold it was not so defective as to call for a reversal.

■ II. The city also challenges one of the trial court's damage instructions. In routine fashion the instructions detailed the various items of allowable damages and then gave the following separate instruction:

> The damages, if any you find, for injuries to the person, pain and suffering and the disability in the past and pain and suffering in the future, cannot be measured by any exact or mathematical standard, but the amount must rest in the sound discretion of the jury. Such discretion must not be exercised arbitrarily or out of passion or sympathy or prejudice for or against the parties, but must be based upon a fair, intelligent, dispassionate and impartial consideration of the evidence.

This language is taken nearly verbatim from the second paragraph of instruction 3.9 of the bar's uniform instructions. The city requested two other instructions which would have explained the need for a reasonable measure of certainty of fixing the value of each item of damages. The city concedes that the amounts need not be proven with mathematical certainty, but argues there should be some proof of actual amount.

The standard for proving damages is well settled:

> Courts have recognized a distinction between proof of the fact that damages have been sustained and proof of the amount of those damages. If it is speculative and uncertain whether damages have been sustained, recovery is denied. If the uncertainty lies only in the amount of damages, recovery may be had if there is proof of a reasonable basis from which the amount can be inferred or approximated.

*Patterson v. Patterson,* 189 N.W.2d 601, 605 (Iowa 1971).

We have followed the principle in a number of cases. *See R.E.T. Corp. v. Frank Paxton Co.,* 329 N.W.2d 416, 420 (Iowa 1983); *Basic Chemicals, Inc. v. Benson,* 251 N.W.2d 220, 223 (Iowa 1977); *Baker v. Beal,* 225 N.W.2d 106, 110 (Iowa 1975); *Pagitt v. City of Keokuk,* 206 N.W.2d 700, 705–06 (Iowa 1973); *Northrup v. Miles Holmes, Inc. of Iowa,* 204 N.W.2d 850, 857 (Iowa 1973); *Schmitt v. Jenkins Truck Lines, Inc.,* 170 N.W.2d 632, 655 (Iowa 1969).

■ The difficulty with the city's argument is that it is inappropriate. There was proof of the actual amounts of the various items of damages. A jury question as to those items was presented. It is not ordinarily required, or even appropriate, that trial courts inform juries on the proof required for making out jury questions. It is only required that juries be adequately instructed so as to fairly answer the jury questions that are presented.

We think the instruction given, read together with the other damage instructions, easily withstands the city's challenge. The assignment is without merit.

■ III. The cross-appeal challenges the trial court's allocation of credits for prior settlements. As mentioned, plaintiffs received $1,000 in a settlement with Jack

Wayne Linge and $25,000 from a dram shop operator. The city claimed credit for $26,000 on any judgment entered against it. Plaintiff husband was awarded $60,000; plaintiff wife was awarded $3,000. There was no claim that either plaintiff was in any way negligent and there was no attempt to establish the degree to which either Linge or the tavern owner were negligent.

The trial court credited the full $26,000 and allocated it against each verdict in the same ratio each verdict bore to the sum of the two verdicts. In other words, 60,000/63,000ths of the $26,000 was set off against the husband's award and 3,000/63,000ths of the $26,000 was set off against the wife's award.

Plaintiffs argue that the $26,000 in settlements should have been equally divided between them. That way the husband's award would be reduced from $60,000 to $47,000 and the wife's from $3,000 to zero. Such a computation would allow the plaintiffs $73,000, which would be $10,000 more than the jury awards.

The trial court's computation was in compliance with our holding in *Wadle v. Jones,* 312 N.W.2d 510, 512–14 (Iowa 1981). There we adhered to our existing *pro tanto* rule, relying in part on the Restatement (Second) of Torts § 885(3) (1979), which provides for diminution of a recovery "to the extent of the payment made ... whether or not it is so agreed...."

The trial court was correct in its allowance of the *pro tanto* credits. The assignment is without merit.

AFFIRMED ON BOTH APPEALS.