Maina Holman LAKE, as Next Friend of Dina Holman, a Minor, and Maina Holman Lake, Individually, Appellees,

v.

Craig W. SCHAFFNIT, Appellant.

No. 86–70.

Supreme Court of Iowa.

May 13, 1987.

Gene Yagla of Lindeman & Yagla, Waterloo, for appellant.

Jay A. Nardini of Ball, Kirk, Holm & Nardini, P.C., Waterloo, for appellees.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, WOLLE, and LAVORATO, JJ.

WOLLE, Justice.

Plaintiff Dina Holman, twelve years old, was injured when she was struck in front of her home by an automobile driven by defendant. Plaintiff Maina Holman Lake, Dina's mother, brought this action in Dina's name to recover fair compensation for Dina's personal injuries, and in her own name to recover medical expenses, loss of services and companionship. The jury's damage verdicts and allocation of negligence proximately causing the injuries were as follows:

| Parties | Percent negligence | Damages |
|---|---|---|
| Dina Holman (daughter) | 49% | $35,000.00 |
| Maina Holman Lake (mother) | 0% | 5,103.40 |
| Defendant | 51% | |

Based on that allocation of causative negligence and determination of damages, the trial court entered judgment for Dina in the sum of $17,850 and for Maina Holman Lake in the sum of $5,103.40. Defendant's assignment of errors includes challenges to several of the trial court's jury instructions, the refusal to reduce the mother's claim by the percentage negligence of her daughter, the refusal to allow an amendment to claim contribution from the daughter, and the assessment of all costs to the defendant. We affirm.

I. *Background Facts.*

At approximately 11:00 p.m. on July 12, 1982, Dina's pet dog was struck and injured in the street in front of her home by a passing truck. The driver of the vehicle notified Dina's family of the incident and telephoned for help. Dina immediately rushed into the street to comfort the dog and, warned by her brothers not to move it, she knelt with her pet in the northbound lane of traffic. Dina's brothers stood south of Dina in the street in order to wave cars around her. They assured her that vehicles coming upon the animal had managed to see and steer around it.

Defendant then approached the accident scene, driving his car in the northbound lane at or near the posted speed limit. Dina saw the approaching headlights as she knelt by her pet, but she remained with the dog assuming that the vehicle's driver would drive around her dog and her as other drivers had done. Defendant, however, did not slow as he neared the scene, causing one of Dina's brothers to jump out of the car's path and call out a warning. Dina looked up and saw the car close by. She tried to avoid it by running toward the curb, but defendant's vehicle struck her right hip.

## II. Challenged Instructions.

A. *Headlight inadequacy.* Over defendant's timely objection, the trial court submitted to the jury two instructions pertaining to the adequacy of the headlights on defendant's car. The instruction listing the particulars of negligence asserted by plaintiffs included the allegation "failure to display between sunset and sunrise lighted headlamps of sufficient intensity to reveal persons at a safe distance." A separate instruction explained:

> The law provides that every motor vehicle upon the highway, at any time from sunset to sunrise shall display lighted head lamps with the distribution of light, or composite beam, directed high enough and of sufficient intensity to reveal persons and vehicles at a safe distance in advance.
>
> A failure to comply with this provision of the law constitutes negligence.

Defendant first contends that headlight insufficiency was improperly submitted to the jury because he received no pretrial notice that it would be an issue. He argues that such a specification of negligence may not be submitted to the jury unless "disclosed by the pleadings or discovery directed to it."

Defendant's assertion is without merit. Under the notice pleading requirements of Iowa Rule of Civil Procedure 69(a), the pleader is not obliged "to allege a legal theory or to spell out the elements of a cause of action as in a common law plead-

ing." *Haugland v. Schmidt*, 349 N.W.2d 121, 123 (Iowa 1984). Rather, a "short and plain statement of the claim" suffices. Iowa R.Civ.P. 69(a); *see Schmidt v. Wilkinson*, 340 N.W.2d 282, 283 (Iowa 1983). Not only did plaintiffs state their claim in accordance with rule 69(a), but in a supplemented answer filed two months prior to trial they gave specific notice of their contentions that Iowa Code sections 321.384 (when lighted lamps required) and 321.415 (required usage of lighting devices) were relevant to the suit.

■ Defendant's fallback position is that insufficient evidence was presented at trial to warrant the court's submission of instructions concerning the insufficiency of his car's headlights. This second argument fails too. Our review is at law. Iowa R.App.P. 4. A jury question is engendered even when the evidence is not in dispute if, viewing the record in the light most favorable to the party requesting the instruction, reasonable minds might draw different inferences from the testing and exhibits. *See* Iowa R.App.P. 14(f)(17); *Anderson v. Low Rent Hous. Comm'n*, 304 N.W.2d 239, 249 (Iowa), *cert. denied*, 454 U.S. 1086, 102 S.Ct. 645, 70 L.Ed.2d 621 (1981).

Granted both Dina and her brother testified they saw the headlights of defendant's approaching vehicle. Granted also that defendant and the investigating police officer stated those headlights were working properly that night. Nevertheless, the officer conceded that he did

> not have the instrumentation to judge the level of the beam. I did not take any measurements as far as the distance that it would illuminate someone....

In addition, a discrepancy surfaced at trial regarding Dina's distance from defendant when he first saw her. While defendant during his deposition estimated that distance to be ten feet, at trial he calculated that she was considerably further away from him, perhaps seventy-five or one hundred feet. Confronted with defendant's testimony that he was driving with low beams at the time of the collision, the jury might reasonably have inferred that the

headlights were not illuminating the road with the intensity required by law.

We find no error in the trial court's submission of the headlight issue to the jury.

■ B. *Reduction of mother's recovery.* A second jury instruction challenged at trial and again in this appeal is the instruction which mirrored uniform jury instruction 2.2D:

> If you find that Defendant has proven negligence on the part of the Plaintiff, Dina Holman, a minor child, which was a proximate cause of her injuries, you are instructed that it is to be considered only as to the claim of the Plaintiff, Dina Holman, a minor child, as stated elsewhere in these instructions and it is not a defense to the claim of her mother, Maina Holman Lake.

Defendant maintains that the instruction was improper because Mrs. Lake's damage award should be reduced by the forty-nine percent of total causative negligence attributed to Dina. Alternatively, defendant contends he should have been allowed to amend his petition to seek contribution from Dina toward the payment of her mother's derivative claim.

We note initially that this case was tried under the pure comparative negligence principles outlined in *Goetzman v. Wichern,* 327 N.W.2d 742 (Iowa 1982). Mrs. Lake brought her claim pursuant to Iowa Rule of Civil Procedure 8:

> A parent, or the parents, may sue for the expense and actual loss of services, companionship and society resulting from injury to or death of a minor child.

Before *Goetzman,* we held that rule 8 provided a parent with "a cause of action for a legal wrong to himself independent of that of the child." *Irlbeck v. Pomeroy,* 210 N.W.2d 831, 833 (Iowa 1973). We reiterated that holding in *Dunn v. Rose Way, Inc.,* 333 N.W.2d 830, 832 (Iowa 1983). Moreover, in *Handeland v. Brown,* 216 N.W.2d 574, 579 (Iowa 1974), we held that

> a child's contributory negligence, not the sole proximate cause of his injury, is not a defense to a parental claim under rule 8 for the expense and actual loss of services, companionship and society re-

sulting from injury to or death of the child.

Defendant here suggests that our *Goetzman* adoption of pure comparative negligence mandates a changed view of the parental action under rule 8. We disagree.

In *Goetzman,* our focus was solely on the injured party's damage recovery. Abandoning an approach by which the injured party's contributory negligence completely bars recovery, we adopted in its place a system through which the injured party's recovery is diminished in proportion to that party's comparative causative negligence. *See Goetzman,* 327 N.W.2d at 744. The fundamental *Goetzman* concept—that an adult or child may recover partial damages notwithstanding some contributory negligence—did not change the independent character of a parent's rule 8 claim. Under doctrines of contributory negligence or pure comparative negligence, a child's negligence is not a defense to the parent's claim. The trial court did not err when it included that principle in its instructions to the jury.

■ C. *The proposed amendment to claim contribution.* Defendant asserts that the trial court erred in not allowing him to amend his petition to seek contribution from Dina on her mother's claim. Defendant's motion was not filed until the close of the presentation of evidence; the court by then had already voiced its unwillingness to reduce Mrs. Lake's award by Dina's percentage negligence. In denying defendant's motion to amend, the court explained:

> I'm going to turn the request down, because I think it changes in a very material way the issues that the parties have litigated and also, in my opinion, could have very well resulted in the parties taking a different approach as to how they handled the evidence and what questions they addressed to the various witnesses. If, in fact, an action for contribution can later be brought against the child, we'll deal with that at another time in another form; but at this point I'm going to turn the request to amend

to conform or whatever appropriate request that is down.

The trial court did not decide, so we do not address, the question whether an action may exist for contribution against a child for his parent's rule 8 damages. *See Shill v. Careage Corp.*, 353 N.W.2d 416, 420 (Iowa 1984) ("[Q]uestions not presented to and not passed on by the trial court cannot be raised or reviewed on appeal."). Rather, we confine our examination to the trial court's denial of defendant's motion to amend; our review is on abuse of discretion. *Neylan v. Moser*, 400 N.W.2d 538, 543 (Iowa 1987).

Iowa Rule of Civil Procedure 88 authorizes the trial court to grant amendments and provides that they "shall be freely given when justice so requires." It is well established that allowance of amendments is the rule and denial the exception. *Neylan*, 400 N.W.2d at 543. Moreover, "[a]mendments may be allowed at any time before the case is finally decided, even after completion of the evidence...." *Ackerman v. Lauver*, 242 N.W.2d 342, 345 (Iowa 1976). The trial court here concluded, however, that the allowance of the proposed amendment after the presentation of the evidence in this case would change the issues and unfairly prejudice the plaintiffs. The record supports those findings and discloses no basis for us to overturn the court's discretionary ruling denying the proposed amendment.

D. *Pedestrian duty.* Defendant also assigns as error the trial court's refusal to submit to the jury his requested instruction on pedestrian duty. Defendant's proposed instruction constituted a modification of Iowa Uniform Jury Instruction 4.50 and Iowa Code section 321.326 on which the uniform instruction was based, by deleting the word "walking" and substituting "be" for "walk". Iowa Uniform Jury Instruction 4.50 provides:

The law provides that pedestrians shall at all times when *walking* on or along a highway, *walk* on the left side of such highway.

A failure to comply with this provision of the law constitutes negligence.

(Emphasis added.) That instruction was transformed in defendant's proposed version to state:

The law provides that pedestrians shall, at all times when *on* or along a highway, *be* on the left side of such highway.

A failure to comply with this provision of the law constitutes negligence.

(Emphasis added.)

Rejecting defendant's variation of the uniform instruction, the trial court explained:

I don't think factually this record will support the giving of that instruction. It's my recollection of the facts of this case to be that ... Dina was on the roadway not really walking or even necessarily, I suppose, she was a pedestrian. She was obviously on foot, but she was not walking. She was kneeling over a dog that had been injured. I just don't feel that factually the record supports the giving of that instruction and I do not propose to give it.

The trial court did submit to the jury two other particulars of negligence pertaining to Dina: failure to keep a proper lookout; and failure to yield the right of way when not in the crosswalk. Reviewing the entire record and reading together all the instructions that relate to each other, we agree with the manner in which the trial court presented the law governing Dina's alleged negligence. *See Estate of Smith v. Lerner*, 387 N.W.2d 576, 581 (Iowa 1986).

While the trial court may if it fairly covers the issues phrase the instructions in its own way, *see id.*, the record must contain substantial evidence beyond speculation or conjecture to support the proposed instruction. *Sammons v. Smith*, 353 N.W.2d 380, 387 (Iowa 1984). Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion. *Gordon v. Iowa Dep't of Transp.*, 389 N.W.2d 390, 392 (Iowa 1986).

We do not determine whether the trial court correctly concluded that Dina was not here a pedestrian, although she may well not have been. *See* Annotation,

*Who is "Pedestrian" Entitled to Rights and Subject to Duties Provided by Traffic Regulations or Judicially Stated,* 35 A.L. R.4th 1117 (1985); *cf. Lawson v. Fordyce,* 237 Iowa 28, 52–54, 21 N.W.2d 69, 83 (1945) (person leading cow along highway not a "pedestrian" within statute's meaning). Even if Dina could be properly characterized as a pedestrian, the record lacks substantial evidence that her back was to defendant's car as it approached. The evidence shows that Dina rushed from her home to the street where she knelt next to her dog. Dina contends that at the time of the accident she faced south. The only suggestion to the contrary was the truck driver's testimony that earlier when she entered the Lake home Dina was crouched facing north. The trial court was warranted in giving no substantial weight to that testimony of the truck driver because of its vague time reference.

The trial court's instructions to the jury provided the defendant no basis for a new trial.

III. *Assessment of Costs.*

Plaintiffs filed and the trial court granted a post-trial motion to tax as costs to defendant the sum of $650.15 for videotape deposition costs, expert witness fees and witness mileage fees. Defendant argues that it was inequitable to burden him with all those costs in view of the jury finding that Dina was responsible for forty-nine percent of the total causative negligence. He contends that the cost of videotaping the deposition of Dina's medical doctor should not have been taxed, while the remaining costs should have been apportioned in accordance with the percentages of comparative negligence found by the jury.

Plaintiffs rely on the mandate of Iowa Code section 625.1 that "[c]osts shall be recovered by the successful party against the losing party." They argue they were both successful parties and therefore entitled to recover costs. Defendant in turn cites Iowa Code section 625.4. It provides for apportionment of costs "where there

are several causes of action embraced in the same petition, or several issues...."

 We conclude that Iowa Code section 625.3 more accurately describes the disposition of this case, where the successful parties failed only partially on their liability claims. *See Woody v. Machin,* 380 N.W.2d 727, 729 (Iowa 1986). The amount and apportionment of costs are matters vested in the sound discretion of the trial court. *Id.; see* A. Vestal & P. Willson, *Iowa Practice* § 53:01, at 439–40 (1984 rev.). The trial court did not abuse its discretion in taxing all the court costs to defendant.

AFFIRMED.