Marvin BOKHOVEN, Appellant,

v.

Virginia KLINKER, Appellee.

Virginia KLINKER, Plaintiff,

v.

Paul RENAUD, Defendant.

No. 90–964.

Supreme Court of Iowa.

Sept. 18, 1991.

Richard C. Bauerle and Lloyd Keith of Keith, Orsborn, Bauerle, Milani & Neary, Ottumwa, for appellant.

Marion H. Pothoven and Randall C. Stravers of Pothoven, Blomgren & Stravers, Oskaloosa, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

Plaintiff, Marvin Bokhoven, appeals a judgment entered against him on a jury verdict finding him fifty-one percent at fault. He contends that the trial court erred in refusing to instruct the jury on the doctrine of last clear chance. Defendant, Virginia Klinker, cross-appeals, contending the trial court erred in apportioning court costs. We affirm the judgment for Klinker and reverse as to the district court's assessment of costs.

I. *Background Facts and Procedure.*

Bokhoven was an employee of the third-party defendant, Paul Renaud. Bokhoven and Renaud were servicing augers in a grain bin on the farm Renaud rented from Klinker. The grain bin has three auger systems: a transfer auger located at the top of the bin, a discharge auger located under the floor of the bin, and a floor sweep auger that rests on the floor of the bin and rotates around like the hands of a clock. The sweep auger is the primary subject of this litigation. One motor runs all three augers, and a system of clutches allows the operator to engage or disengage individual augers.

Bokhoven and Renaud were inside the grain bin and wished to check the operation of one of the transfer augers. Klinker was outside the bin and was requested to turn on the auger motor. Klinker was not familiar with the controls or the clutches and did not know the sweep auger on the floor could be disengaged while still allowing for the operation of the transfer auger that Bokhoven and Renaud wanted to check. Klinker told Bokhoven and Renaud that she did not want to operate the motor with them in the bin. At this point, all of the parties recognized that because of Klinker's limited knowledge of the auger operating mechanism the floor sweeper auger would be engaged when the motor was turned on. Bokhoven and Renaud discussed this and decided they would not have any problem. Klinker turned on the motor and the augers, including the sweep auger, ran briefly. However, due to the brief operation of the motor, Bokhoven and Renaud were unable to properly check the operation of the transfer auger.

Once again, the two men inside the grain bin requested Klinker to turn on the motor so that they could check the operation of the transfer auger. The men picked up their tools and ladder in anticipation of the sweep auger running again. However, this time Bokhoven was unable to jump over the sweep auger as it swung around; it caught his foot causing serious injuries.

Bokhoven sued Klinker in tort to recover for his injuries. Klinker denied she was at fault and alleged Bokhoven was at fault for assuming the risk. Klinker also brought Renaud into the case as a third-party defendant under a theory of indemnity. The third-party action was deferred pending trial of the tort action. At trial Bokhoven requested that an instruction on last clear chance be given to the jury. The trial judge refused to submit the instruction. The jury returned a verdict finding Bokhoven fifty-one percent at fault and Klinker forty-nine percent at fault. Accordingly, Bokhoven was denied any recovery. *See* Iowa Code § 668.3(1) (1989). The district court entered a judgment on the verdict and assessed costs to Bokhoven and Klinker based on the percentages of fault as had been determined by the jury.

Bokhoven appealed. He contends the district court erred in refusing to instruct the jury upon last clear chance. Klinker cross-appealed. She claims the district court erred in assessing forty-nine percent of the costs against her. We transferred the case to the court of appeals which affirmed the district court's judgments. We granted Bokhoven's application for further review.

II. *Last Clear Chance Instruction.*

■ Bokhoven requested the following instruction:

PROXIMATE CAUSE—LAST CLEAR CHANCE

The Defendant, Klinker, asserts that the Plaintiff was negligent and that his negligence was a proximate cause of his injury and damage, as explained in instruction No. ____, but Plaintiff asserts that under the facts and circumstances shown by the evidence his own negligence, if any, was not a proximate cause.

If you find from the evidence (1) that just prior to the accident Plaintiff was in a position of peril by reason of his own negligence, (2) that Defendant had knowledge of Plaintiff's presence, (3) that Defendant realized or in the exercise of reasonable care should have realized that Plaintiff was in a position of peril, and (4) that thereafter Defendant had the time and ability to avoid the collision through the exercise of ordinary care and failed to do so, then under such circumstances any negligence of the Plaintiff would not be a proximate cause of his injury and damage.

The court refused the request. The court conceded that, under the facts, a last clear chance instruction would have been applicable but for the adoption of comparative fault in Iowa. The court concluded the doctrine of last clear chance was subsumed by the adoption of comparative fault.

It is error for the court not to give a requested instruction when the instruction states a correct rule of law having application to the facts of the case and the concept

is not otherwise embodied in other instructions. *Smith v. Smithway Motor Xpress, Inc.*, 464 N.W.2d 682, 685 (Iowa 1990).

Bokhoven relies upon our decision in *Stewart v. Madison*, 278 N.W.2d 284 (Iowa 1979), as support of the submission of his requested instruction. In *Stewart*, we abolished last clear chance as a separate doctrine but provided "the elements previously applied as part of the last clear chance doctrine shall, in all cases where they are applicable, be submitted as issues of proximate cause." *Id.* at 293. At that time, we also declined to adopt the doctrine of comparative negligence. *Id.*

Prior to *Stewart*, the elements of last clear chance could be submitted to the jury as issues apart from and additional to proximate cause. The doctrine of last clear chance has often been considered by us. There was some confusion as to the theory of this doctrine in Iowa. *Vreugdenhil v. Kunkel*, 256 Iowa 460, 464, 127 N.W.2d 630, 632–33 (1964). We said the last clear chance doctrine is an exception to the rule barring recovery to one who has been guilty of contributory negligence. *Id.* We also held to the causation theory for the doctrine's support. *Id.* Under the latter view, the doctrine refers to negligence after negligence and is a phase of proximate cause. *Id.*

Prior to 1965, a plaintiff was required to plead and prove freedom from negligence which contributed in any way or in any degree directly to the accident. Proof of proximate cause was not involved. *Schultz v. Gosselink*, 260 Iowa 115, 120–21, 148 N.W.2d 434, 437–38 (1967). The burden shifted under Iowa Code section 619.17 (1965), and the burden was then on the defendant to plead and prove that plaintiff's negligence was a proximate cause of the injury. We held the changes brought about by section 619.17, did not render the last clear chance doctrine inapplicable; rather, liability under circumstances where the doctrine is applied may properly be determined by a legitimate application of the modern concepts of proximate cause. *Ackerman v. James*, 200 N.W.2d 818, 829 (Iowa 1972). We subscribed to the view of

legal cause expressed in the Restatement (Second) of Torts § 431 (1964). *Id.* However, the Iowa State Bar Association uniform jury instruction defining proximate cause was not changed to fully reflect the "substantial factor" requirement until after our opinion in *Jones v. City of Des Moines*, 355 N.W.2d 49 (Iowa 1984).

Two years after *Stewart*, by judicial decision, we adopted the comparative negligence doctrine in its pure form. *See Goetzman v. Wichern*, 327 N.W.2d 742, 754 (Iowa 1982). We recognized Iowa had experienced more than 100 years of judicial and legislative efforts, including the adoption of the doctrine of last clear chance, to ameliorate the harshness of the doctrine of contributory negligence. *Id.* at 753. We recognized that the court must reform common-law doctrines that are unsound and unsuited to present conditions. *Id.*

In 1984, Iowa adopted, by legislative action, a modified comparative fault act. 1984 Iowa Acts ch. 1293, codified at Iowa Code ch. 668. Iowa's modified comparative fault provides, if the claimant's percentage of fault is more than fifty percent, the claimant cannot recover damages. Iowa Code § 668.3(1).

The doctrine of last clear chance, which originated as a mechanism for avoiding the harsh effects of the contributory negligence doctrine, has been abolished by most jurisdictions which have adopted comparative negligence. W. Prosser & W. Keeton, *Prosser and Keeton on Torts* § 67 (5th ed. 1984); 1 A. Best, *Comparative Negligence* § 4.10[2][c] (1991); V. Schwartz, *Comparative Negligence* § 7.2 (2d ed. 1986); Annotation, *Modern Development of Comparative Negligence Doctrine Having Applicability to Negligence Actions Generally*, 78 A.L.R.3d 339 (1977 & 1991 Supp.). Courts have reasoned that the doctrine fails to serve any further purpose and indeed conflicts with the basic principles of comparative negligence.

We conclude the doctrine of last clear chance, even when considered a part of proximate cause, has no further function to perform where contributory negligence is no longer a complete bar to plaintiff's re-

covery. We abolished last clear chance as a separate doctrine in *Stewart*. The contributory negligence doctrine was supplanted by the adoption of comparative negligence in *Goetzman*. The last clear chance doctrine was no longer part of our law. The adoption of chapter 668, a modified comparative fault act, did not resurrect the doctrine. It was not necessary for the legislature to specifically abandon the doctrine, as in the Model Act, for the doctrine had been abolished by our judicial action in *Goetzman*.

We also recognize that the definition of proximate cause has been revised since our decision in *Jones*. Iowa Civil Jury Instruction 700.3 (1991), defines proximate cause as:

> The conduct of a party is proximate cause of damage when it is a substantial factor in producing damage and when the damage would not have happened except for the conduct. "Substantial" means the party's conduct has such an effect in producing damage as to lead a reasonable person to regard it as cause.

The district court submitted this instruction to the jury. It states the correct rule of law having application to the facts of the case. Therefore, no additional instruction was necessary.

### III. *Preservation of Issues on Review from Court of Appeals.*

■ Following the filing of the court of appeals opinion, Bokhoven filed an application for further review as permitted by Iowa Rule of Appellate Procedure 402. Klinker filed a resistance but did not make application for further review upon the court of appeals' affirmance of the district court's assessment of costs. Nevertheless, we address Klinker's challenge to the assessment of costs as were raised in her original cross-appeal.

In *Shivvers v. Mueller*, 340 N.W.2d 586 (Iowa 1983), we held that upon an application for further review from the court of appeals we may consider all of the issues properly preserved and raised in the original briefs. We held such a review may include issues initially raised in a cross-appeal which were not then specifically presented to this court in an application for further review. *Id.; see also Blessing v. Norwest Bank Marion, N.A.*, 429 N.W.2d 142, 143 (Iowa 1988). Our review of court of appeals decisions is not limited by reason of the language in the application for further review; we may review any or all of the issues initially raised on appeal or on cross-appeal whether or not they are specifically brought to our attention in the applications for further review.

### IV. *Assessment of Costs.*

■ Relying upon Iowa Code section 625.3 (1989), the district court apportioned costs in the same manner as the jury assessed fault. The court of appeals affirmed the assessment of costs, apparently in partial reliance on Iowa Code sections 625.3 and 625.4. We believe the costs should be assessed as provided by Iowa Code section 625.1.

Section 625.3 permits the court to make an equitable apportionment of costs when a party is successful as to a part of the claim. Bokhoven brought this action under the comparative fault statute, Iowa Code ch. 668. Under its provisions, a claimant may not recover if found to be more than fifty percent at fault. Iowa Code § 668.3. We have previously approved the apportionment of costs in the same proportion as the percentages of fault where the plaintiff is awarded damages. *Woody v. Machin*, 380 N.W.2d 727, 729 (Iowa 1986). We also approved the taxing of all court costs to the defendant when found fifty-one percent at fault. *Lake v. Schaffnit*, 406 N.W.2d 437 (Iowa 1987). The amount and apportionment where the plaintiff is partially successful vests in the sound discretion of the trial court. *Id.* Here, the jury determined Bokhoven, the plaintiff, was fifty-one percent at fault, thus, he was unsuccessful on his claim. The district court had no authority to make an equitable apportionment of the costs under section 625.3.

■ The court of appeals' additional reliance upon section 625.4 is unjustified. Section 625.4 allows an apportionment of costs where there are several plaintiffs or

several defendants and the costs are apportioned according to the several judgments rendered. Here, Klinker filed a cross-petition alleging an indemnity claim. A cross-petition in indemnity is filed to place the loss, if any, on the one or ones who should rightfully and equitably bear it. *McCarthy v. J.P. Cullen & Son*, 199 N.W.2d 362, 371 (Iowa 1972). Because Bokhoven was unsuccessful in his claim against Klinker, the cross-petition was considered moot by the district court. Only a judgment for Klinker was entered by the district court upon the jury's special verdict. Section 625.4 is not applicable to the circumstances of this case.

Section 625.1 provides: "Costs shall be recovered by the successful party against the losing party." Klinker successfully defended the claim, and all costs, including costs of appeal, should be taxed against Bokhoven.

DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTION.