_____

No. 95-1043
_____

Jeffrey J. Banks; Robin P.          *
Banks,                              *
                                    *
      Plaintiffs - Appellants,      *
                                    *  Appeal from the United States
      v.                            *  District Court for the
                                    *  District of Nebraska.
Harley-Davidson, Inc.;              *
Harley-Davidson of Omaha, Inc.;     *
Gabriel of Canada, Ltd.,            *
                                    *
      Defendants - Appellees.       *
                           _____

                 Submitted:  September 12, 1995

                   Filed:  January 9, 1996
                           _____

Before WOLLMAN, MAGILL, and LOKEN, Circuit Judges.
                           _____

LOKEN, Circuit Judge.

     In this diversity case, Jeffrey and Robin Banks appeal the
district court's[1] grant of summary judgment dismissing their damage
claims for injuries suffered in a motorcycle accident.  The issue
is whether they presented sufficient evidence that a pre-existing
defect in the motorcycle's right rear suspension unit proximately
caused the accident.  We affirm.

     On July 7, 1991, as Jeffrey Banks drove his 1979 Harley-
Davidson motorcycle into a curve on Highway N41 near Lake City,
Iowa, the motorcycle suddenly fell on its right side.  Banks and

_____

     [1]  The HONORABLE WILLIAM G. CAMBRIDGE, Chief Judge of the
United States District Court for the District of Nebraska.

his passenger, Robin Banks, remained with the motorcycle as it slid across the highway and collided with a road sign. Both were seriously injured. After the accident, the driver of a trailing motorcycle, Larry Sulsberger, noticed that the right rear shock absorber and suspension unit on Banks's motorcycle had dislocated (physically separated) from the motorcycle frame.

Some months later, while repairing Banks's motorcycle, Sulsberger discovered a fracture in the weld between the right rear suspension unit and the lower eye ring which helps fasten the suspension unit to the motorcycle frame. Further investigation suggested that the weld had fractured because of a manufacturing defect -- the weld could withstand only a 3,270 pound load, instead of the 5,000 pound load required by Harley-Davidson design specifications. The Banks sued the manufacturer of the motorcycle, Harley-Davidson, Inc.; the manufacturer of the shock absorber, Gabriel of Canada, Ltd.; and the firm that installed the shock absorbers in early 1987, Harley-Davidson of Omaha, Inc. The Banks alleged that this defect proximately caused their injuries.

The Banks obviously have evidence of a manufacturing defect -- the substandard weld -- that likely caused the weld to fracture in the suspension unit of Jeffrey Banks's motorcycle. However, because the weld site was worn smooth, a condition known as "peening," it is undisputed that the weld fracture occurred many miles before the accident, which in turn means that the motorcycle had been operated for some time with a fractured weld without apparent difficulty. The question then becomes, how could the defective weld have caused the accident? The Banks' theory is (1) the manufacturing defect caused the weld to fracture; (2) the fracture eventually caused the suspension unit to dislocate from the motorcycle; and (3) the dislocation caused the accident.

After substantial discovery, defendants moved for summary judgment. For purposes of this appeal, their relevant evidentiary

submissions were an affidavit and deposition testimony by their expert, Raymond Miennert, a registered professional engineer and independent consultant with twenty-two years experience in the motorcycle manufacturing industry and forty-five years experience riding motorcycles. Miennert testified that he had reviewed the other depositions, had examined Banks's motorcycle and the scene of the accident, and had ridden a similarly equipped motorcycle having the same fractured weld through the accident site at four different speeds. Miennert then opined that (i) the weld was fractured a substantial time before the accident; (ii) a right rear suspension unit with that weld fracture would not affect the motorcycle's handling or operation; (iii) the suspension unit was designed to prevent dislocation despite a fractured weld; (iv) it would be particularly unlikely for a fractured weld to cause dislocation while two persons are riding the motorcycle because the riders' weight further compresses the spring, thereby securing the suspension unit in place; (v) Miennert's accident simulations confirmed that the force of a fall is necessary to dislocate a suspension unit having a fractured weld; and (vi) if the suspension unit had dislocated just before the accident, eyewitness Sulsberger, who was carefully watching the rear of Banks's cycle as they entered the curve, would have seen "a shower of parts" coming off the vehicle and would have seen the bike sag two or three inches, probably causing the exhaust pipe to scrape the ground. Based upon these opinions, Miennert concluded that the suspension unit became dislocated as a result of the accident, when the motorcycle struck the sign post, and that "the accident was caused by the motorcycle being ridden too fast for the conditions through that specific location which caused a loss of control."

Summary judgment is appropriate when the submissions to the court "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Layton v. U.S., 984 F.2d 1496, 1499 (8th Cir.), cert. denied, 114 S. Ct. 213 (1993). The party

-3-

opposing summary judgment may not simply rely upon pleadings. Summary judgment will be appropriate if that party "fails to make a showing sufficient to establish the existence of [each] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). To meet their burden of proving proximate cause under Iowa law, which the parties agree governs, the Banks must show that the defective weld was a "substantial factor" in producing their injuries, and that the accident would not have occurred but for that defect. See Jones v. City of Des Moines, 355 N.W.2d 49, 50 (Iowa 1984). To defeat summary judgment, they must show a genuine fact dispute on this issue.

In opposing defendants' motion for summary judgment, the Banks relied first upon the deposition testimony of eyewitness Sulsberger. This experienced motorcyclist opined that the accident must have been caused by the suspension unit dislocating, causing Banks to lose control of the motorcycle. However, Sulsberger also supported Meinnert's analysis by admitting that he was riding eight to ten feet behind Banks's motorcycle as it entered the curve, that he was watching its exhaust pipes, and that he never saw the bike sag, parts fly off, or the exhaust pipes hit the pavement prior to the accident.

Second, the Banks relied upon Miennert's deposition admission that, if a suspension unit did dislocate while the motorcycle was moving, this would cause the bike to sag "a visible amount" and could cause the rider to lose control. Third, plaintiffs relied upon the deposition testimony of their only expert, a metallurgist whose opinions tended to establish that a welding defect caused a complete weld fracture some time before the accident. However, this witness had no experience with motorcycles or suspension systems. Therefore, he declined to express opinions regarding the effect of a weld fracture on a driver's ability to control the motorcycle, when the suspension unit on Banks's vehicle had

-4-

dislocated, or whether the weld fracture was a substantial factor in bringing about the accident.

Based upon these submissions, the district court granted summary judgment for defendants because "plaintiffs are unable to establish that the particular defect in this case was the proximate cause of their injuries."  On appeal, the Banks argue that the district court erred in granting summary judgment because they presented sufficient circumstantial evidence of proximate cause to submit their case to a jury.

Like the district court, we conclude that the Banks failed to present sufficient evidence of proximate cause to avoid summary judgment.  Proximate cause is normally an issue for the jury under Iowa law.  But when plaintiffs seek to prove proximate cause by circumstantial evidence, that evidence "must be sufficient to make plaintiffs' theory asserted reasonably probable, not merely possible, and more probable than any other theory based on such evidence." Oak Leaf Country Club, Inc. v. Wilson, 257 N.W.2d 739, 746 (Iowa 1977).  Viewing the Banks' circumstantial evidence of probable cause in the light most favorable to them, as we must, we conclude they cannot meet this standard.

There certainly was evidence of a defect that caused a weld in the suspension unit to fracture.  But defendants presented expert testimony that a fractured weld by itself would not cause the accident, that a fractured weld would not cause the suspension unit to dislocate during operation, and that dislocation just before the accident would have been observed by eyewitness Sulsberger.  Those opinions credibly attacked plaintiffs' causation theory, that the fractured weld dislocated the suspension unit in a manner that caused the accident.  The Banks had no expert to refute Miennert's opinions as to dislocation, even though this is a "fact issue upon which the jury needs [expert] assistance to reach an intelligent or

correct decision," Reed v. Chrysler Corp., 494 N.W.2d 224, 226 (Iowa 1992).

The Banks instead responded to defendants' summary judgment showing with only the testimony of witness Sulsberger that the accident must have been caused by the suspension unit dislocating just prior to the accident. But Sulsberger was neither held out nor qualified as an expert. Though he was an experienced motorcycle rider and mechanic, he offered no technical analysis to support his opinion. Thus, if he offered that opinion at trial, it would be circumstantial evidence of causation far less probable than Miennert's explanation and opinions. Indeed, Sulsberger's lay opinion on the ultimate issue of causation would most likely be inadmissible. See Ruden v. Hansen, 206 N.W.2d 713, 717 (Iowa 1973). Thus, as in McCleeary v. Wirtz, 222 N.W.2d 409, 414 (Iowa 1974), plaintiffs failed to establish the necessary causal relationship between the alleged welding defect and the injuries they suffered in this tragic accident. In these circumstances, the district court properly granted summary judgment for defendants.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.